JOHN B. HERRON, Administrator, Appellant, v. THOMAS P. TEMPLE et al., Appellees.

**LANDLORD AND TENANT:** Rent—Burden of Proof. Plaintiff (in this case an administrator) in an action for rent is not entitled to judgment solely on the basis of the defendant's naked admission in the answer that he *occupied* the premises during the time in question; nor is he entitled to judgment when, at the close of the testimony, it is made to appear without dispute that the occupancy was under some *unexplained arrangement* between defendant and the owner of the premises. In such case plaintiff has not met the burden of proof resting upon him.

**PRINCIPAL AND AGENT:** Authority—Husband and Wife. Prima-facie proof of agency of a husband for his wife is shown by evidence that the husband had, in a transaction in question, always acted for his wife, both in her presence and in her absence, and that the wife had never denied or repudiated the right of the husband so to act.

*Appeal from Union District Court.*—HOMER A. FULLER, Judge.

DECEMBER 11, 1924.

ACTION at law, to recover the reasonable rental value of real estate occupied by the defendants for a period of five years. The defendants admit the occupancy, and aver that they entered upon the occupancy of such premises pursuant to the understanding that they were to be occupied rent-free. At the close of the evidence, the trial court directed a verdict for the defendants. The plaintiff has appealed.—*Affirmed.*

*Higbee & McEniry,* for appellant.

*Winter & Davenport,* for appellees.

EVANS, J.—The defendants are husband and wife. The plaintiff brings the action as the administrator of his deceased wife, who was the daughter of the defendants.

1. LANDLORD AND TENANT: rent: burden of proof.
Prior to the trial, the defendant Thomas Temple had left his home, and his whereabouts were unknown at the time of the trial. The plaintiff's wife died on June 22, 1922. At such time, she was the owner of certain real property, comprising twenty acres, upon which her parents had lived since March 1, 1917. This action is brought to recover rental for such occupancy. The errors relied on for reversal may be summarized: (1) That the court erred in permitting certain interrogatories to be propounded to the plaintiff. (2) That it erred in admitting in evidence the answers to such interrogatories. (3) That there was sufficient conflict in the evidence to entitle the plaintiff to go to the jury. (4) That the purported agency of the plaintiff for his wife was not proved.

I. The court did not err in refusing to strike the interrogatories, if for no other reason than that the court, in such ruling, reserved the right to the plaintiff to object to the answers, when made. The witness was not incompetent under Section 4604, Code of 1897. *Parcell v. McReynolds,* 71 Iowa 623. Nor did the interrogatories invade the privilege provided

by Section 4607, Code of 1897. There was nothing in the answers to the interrogatories which invaded such latter privilege. We see nothing, therefore, in these particular grounds relied on for reversal.

II. The third and fourth grounds of reversal may be considered together.

Was the court justified, under the evidence, in directing a verdict for the defendants? The contention for the appellant is that he made a prima-facie case, and that the burden was upon the defendants to prove that they were absolved from the obligation to pay rent. He contends further that the evidence was conflicting on that question, and that there was, therefore, a proper question for the jury. The trial judge adopted the theory that the burden was on the defendants. He held, however, that the evidence was without substantial conflict, and that, if the case were submitted to the jury, only a verdict for the defendants could be permitted to stand.

The theory of the trial judge that the burden was on the defendants was erroneous. But the erroneous view operated against the defendants, and not against the plaintiff. The burden was upon the plaintiff. He offered no evidence. He relied wholly upon the pleadings, as a basis for his claimed judgment. He specially relied upon the admission of occupancy contained in the answers of the defendants. His argument is that this admission made his case, without regard to the qualification thereof contained in the answer of defendants. Mere occupancy of real estate does not, of itself, necessarily give rise to an implied promise on the part of the occupant to pay rent. The circumstances of the occupancy are a part of plaintiff's case, and these may or may not give rise to such implication. Suppose, for instance, that a home-owner should invite his parents or his parents-in-law to occupy his home while he himself spent the winter in California. Could it be claimed that an occupancy pursuant to such invitation would give rise to an implied promise to pay rent? If the occupancy were taken or held against or without the consent of the owner, a different question would be presented. But where it appears that an occupancy was had pursuant to an agreement between occupant and owner, the liability of such occupant, if any, is controlled by such agree-

ment. If there be no express provision in the agreement pertaining to compensation for the occupancy, then the question is whether the *agreement* be such as to give rise to an implied promise to pay rental. It is not whether the *occupancy* gives rise to such implied promise. Coupled with the admission of occupancy, the defendants pleaded that such occupancy was had pursuant to an agreement that it was to be rent-free. The sole witness in the case was the defendant Euphemia Temple. Such of her evidence as discloses personal transactions between herself and the decedent being disregarded, it discloses that the occupancy was had pursuant to an agreement, and that such agreement was negotiated between her husband and the plaintiff herein, who then assumed to act as agent for his wife. As will presently appear, the agency of plaintiff was sufficiently proved. By the undisputed evidence, therefore, there was an agreement, pursuant to which the occupancy was taken and held. The plaintiff could not ignore such agreement, nor recover in disregard thereof. The agreement was oral. Granting that, so far as it was proved by competent evidence, it contained no express provision on the subject of rental, yet this did not entitle the plaintiff to recover in disregard thereof. A part of defendants' evidence of the oral contract was rejected, upon plaintiff's objection that it was in violation of Section 4604. It was the right of plaintiff to so object. But the undisputed showing of the defendants that the occupancy was had pursuant to a contract with the deceased and with the plaintiff, as her agent, operated to defeat any implication or presumption of a promise to pay rent, as arising out of the mere occupancy. It became incumbent on the plaintiff either to meet this testimony negatively, or to amend his pleading, and to claim recovery pursuant to the contract of occupancy. In the latter event, the burden would then be upon him to prove the terms of the contract, and to show that they were such as expressed or implied a promise to pay rent. What appears from the competent evidence is that, prior to their occupancy of the tract in question, these defendants had, for seven years, occupied as their home an 80-acre farm owned by the decedent daughter; that they had contributed $1,000 to the purchase of this particular farm; that, on or prior to March 1, 1917, the decedent and her husband,

plaintiff herein, caused the 80-acre farm to be exchanged for a 160-acre farm; that, at the same time, the 20-acre tract in question herein was purchased for the use of these defendants; that, pursuant to such an arrangement, they entered on the occupancy thereof on March 1, 1917, and so continued to the date of the death of their daughter, on June 22, 1922. No rent had ever been paid or claimed for the 80-acre farm during the seven years of its occupancy. None was ever paid or claimed for the 20-acre tract in question herein, during the lifetime of the daughter.

In the foregoing transactions, the plaintiff herein had always acted as spokesman for his wife, and had done so both in her presence and in her absence; and his authority so to do had never been denied or repudiated by his wife.

2. PRINCIPAL AND AGENT: authority: husband and wife. We think the foregoing is sufficient proof of the agency of the plaintiff for his wife. It is abundant proof, also, that the defendants took and held the occupancy of the 20-acre tract pursuant to some mutual agreement or understanding among all the parties. It is not essential to the defense to prove the details of such agreement. Its mere existence, whatever its detailed terms, is a bar to recovery by the plaintiff, except pursuant to its terms. It profits, therefore, nothing to the plaintiff to object to the offered proof of its terms by the defendants.

We do not overlook that the plaintiff contends that there was a conflict in the evidence. Such alleged conflict arose in this wise: The defendants attached to their answers certain interrogatories, to be answered by the plaintiff, as already indicated. By Interrogatory No. 7, the plaintiff was asked whether the terms of occupancy were discussed between the defendants and the witness, or his wife. The substance of his answer was that "no such *discussion* ever took place." The plaintiff did not offer this evidence. It went into the record over his objection, and he saved exception to the ruling; as he did likewise to the admission of each and all of the interrogatories answered. These exceptions have been presented here as a part of his grounds of reversal. Interrogatory and Answer No. 7 might well have been excluded by the court, on the ground that it is immaterial. But such objection was not made, though it was made to other in-

terrogatories and answers, and was sustained. Treating as true Answer No. 7, it was immaterial and ineffective for any purpose. It was not essential to the defendants to prove the "discussion." The answer could be literally true, and yet mean nothing. It is available to the plaintiff, not as evidence on his own part, but as an inconsistency, if any, in the evidence offered by the defendants. In view of plaintiff's continuing objection and exception, the court had a right to disregard it. The utmost contention possible to the plaintiff is that the court must have disregarded it, in directing a verdict for the defendants.

We reach the conclusion that none of the grounds of reversal are well taken, and that the verdict was properly directed for the defendants.—*Affirmed.*

ARTHUR, C. J., and PRESTON and FAVILLE, JJ., concur.