A. J. HODGSON, Guardian, Appellant, v. ALBERT KEPPEL et al., Appellees.

IN RE ESTATE OF NANCY KEPPEL.

No. 41046.

OCTOBER 20, 1931.

REHEARING DENIED APRIL 8, 1932.

J. O. Boyd and John P. Hornish, for appellant.

Burrows & Burrows and Ralph B. Smith, for appellees.

DE GRAFF, J.—On June 19, 1896, Nancy Keppel purchased from Emma Magerly the lots in question, to wit, Lots 3 and 4 in Block 22 in. Leighton's Addition to the city of Keokuk, Lee County, Iowa, and had the same conveyed to Della Keppel, her daughter, who was then about two years of age. Subsequently to the purchase by Nancy Keppel and the conveyance of the title to Della Keppel on June 19, 1896, the mother Nancy improved the property by having constructed on said real estate locally known as 912 No. 12th Street, Keokuk, Iowa, a ten-room, two-story modern house with garage and suitable outbuildings. It is conclusively shown that Nancy Keppel paid the cost of construction, to wit, $5,062. It is also shown that Della Keppel on October 5, 1912, gave her note for $4000 due five years thereafter to one Ed Brown, and secured the same with a mortgage on the real estate involved herein. The mortgagee Ed Brown on November 19, 1915, assigned said note and mortgage to defendant Albert Keppel, and on August 30, 1922, Albert Keppel

commenced a foreclosure action which resulted in a decree of foreclosure. Upon the expiration of the year of redemption a sheriff's deed was executed, and the title to the property involved was conveyed to Albert Keppel on February 4, 1924. The foreclosure action is not questioned.

The necrology from the record before us discloses that Cornelius Keppel, husband of Nancy, died testate September 17, 1921. His will was probated on December 16, 1921, and by its terms he devised and bequeathed all of his estate to his wife Nancy Keppel. Nancy Keppel died intestate January 13, 1928. Della Keppel Elias died intestate on February 3, 1914. It is shown that Della Keppel married Anthony Elias April 12, 1913, and as a result of this marriage one child was born, on January 28, 1914, to wit, John Elias, the ward of the plaintiff-appellant in this case. Plaintiff's claim in probate for the implied rental of the property in question is from February 3, 1914 (the death of Della Keppel Elias), to February 4, 1924 (the date of the sheriff's deed to the defendant Albert Keppel). In the light of the issues and the record facts on this appeal and the verdict and judgment entered, we purposely avoid all matters and issues in the equity cause originally commenced in this action, and confine ourselves to the propositions in the probate action. It may be pointed out that the claim of the plaintiff-guardian involving the reasonable rental value of the real estate in question for ten years at $50 per month was approved by the administrator W. C. Burgess. Later, however, the probate court set aside the allowance of this claim and ordered that the proceedings in reference to the claim should be tried before a jury before the equitable issues were tried. It was so tried before a jury. Plaintiff's cause of action is predicated on an implied contract to pay rent. It may first be asked, Has the plaintiff introduced any evidence to prove an implied contract on the part of Nancy Keppel to pay the claimed rent? It is shown that Della Keppel prior to her marriage was a member of the Keppel family and lived with her mother and other members of the mother's family. A short time after Della's marriage she and her husband Tony Elias moved to Duluth, and later to Chicago, where Della died. Under the circumstances of this case no presumption of an implied promise to pay rent to Della Keppel arises. An action to recover for the reasonable use of

property, as rent, does not arise unless the relation of landlord and tenant exists. We do not negative the proposition that a promise to pay rent may not arise by implication, but the occupancy of real estate by an alleged tenant in relation to his obligation to pay the reasonable value of its use must be construed and determined in the light of the pleaded and proved facts. Norman v. Dougan, Admx., 201 Iowa 923, 1. c. 926. In the instant case there are no established record facts that give rise to an implied contract to pay the reasonable rental value as pleaded.

The appellees allege that Nancy Keppel purchased the premises and erected the improvements thereon for the purpose of maintaining a homestead for the benefit of her family, including the daughter Della. The sister of Anthony Elias testified on behalf of the plaintiff-guardian that she resided in Keokuk and was acquainted with Della Keppel and also her mother; that she visited *in their home*; that at the time of the marriage of Della to her brother Tony, Della lived with her mother on North 12th Street in Keokuk; and that after her marriage to Tony they went to live with the mother Nancy Keppel. It is also shown by the undisputed evidence of a witness called by the appellant-guardian that Nancy Keppel moved into the new house on the lot in question about the time that the contractor finished painting the house; that Della Keppel was a member of her mother's family. Anthony Elias, surviving husband of Della, testified on behalf of the plaintiff that upon his marriage to Della they went *to the home* of Mrs. Keppel, mother of his wife, "where Della had lived prior to her marriage; they lived in Mrs. Keppel's home for about three months and then moved to Duluth."

The foregoing constitutes all the evidence which the appellant-guardian introduced to prove an implied contract of lease. Under the record facts there was no implied promise to pay rent. There must be a showing of a promise to pay, either express or implied. There is no showing that Nancy Keppel ever contemplated the payment of rent, or that her daughter Della ever entertained the thought of receiving rent from Nancy or from any other member of the household while living in the house in question. No one interested in this case ever claimed, expected, or demanded rent for the premises during the life of

Nancy, or subsequent to her death, until this action was commenced. The lips of Nancy Keppel and Della Keppel Elias were closed at the time of this trial. As the very basis in the instant case is a contractual intention, such must be shown, either expressly or impliedly. Under Section 10159, Code, 1927, appellant claims that Nancy Keppel was a tenant at will. Such tenancy must be with the assent of the owner. There is no evidence in this case that the claimant through his guardian or his father Tony Elias ever assented to the occupation of the premises by Nancy Keppel, and there is no evidence that Nancy Keppel ever assented to become a tenant of any person. In Martin v. Knapp, 57 Iowa 336, 1. c., 343, it is said:

"A tenancy at will cannot be created without the assent, express or implied, of both parties."

In Herron v. Temple, 198 Iowa 1259, 1. c. 1261, it is held that mere occupancy of real estate does not *per se* give rise to an implied promise of the occupant to pay rent. It is said:

"Suppose, for instance, that a home-owner should invite his parents or his parents-in-law to occupy his home while he himself spent the winter in California. Could it be claimed that an occupancy pursuant to such invitation would give rise to an implied promise to pay rent?"

It appears in the case at bar that Nancy Keppel erected the house as a homestead for her family and occupied it for many years. Della Keppel was a member of the family and resided on the premises with her mother until she was married, and for a short time thereafter. The mother Nancy occupied these premises from the time that the house was built in 1908 to the date of her death. As pointed out, no rent was ever paid or claimed by anyone during all these years of occupancy and no one ever paid or claimed rent during the lifetime of the daughter Della. The obligation to pay rent by an occupant of real estate by an alleged tenant must be viewed and construed in the light of all the circumstances surrounding said occupancy. The trial court determined this case by a directed verdict, taking all the facts and circumstances which could possibly give rise to an implied contract to pay rent. The trial court held by directing the verdict in favor of the defendants that the plaintiff had failed to

prove his pleaded allegation, to wit, that an implied contract to pay rent existed. The plaintiff-guardian had the burden to prove his pleaded implied contract. Richardson v. Hoyt, 60 Iowa 68, 70. As said in Thompson Yards v. Haakinson & Beaty Co., 209 Iowa 985:

"To the existence of an implied contract there must be a meeting of the minds,—agreement."

The evidence in the instant case is not in dispute. There was nothing to submit to the jury. The trial court was clearly correct in directing the jury to return a verdict for the defendants.—Affirmed.

FAVILLE, C. J., and STEVENS, ALBERT, and WAGNER, JJ., concur.