CENTRAL SHOE COMPANY et al., Appellants, v. JACOB RASHID et al., Appellees.

No. 40046.

FEBRUARY 11, 1930.

REHEARING DENIED MAY 16, 1930.

*John L. Benbow,* for appellants.

*Herminghausen & Herminghausen, Johnson & Martin,* and *E. H. Pollard,* for appellees.

GRIMM, J.—In a suit entitled *Central Shoe Co. v. Rashid* (203 Iowa 1103), brought several years ago, certain parties holding judgments against the said Jacob Rashid sought, in equity, to set aside, on the grounds of fraud, a deed executed and delivered by Rashid and wife to W. A. Scherfe, as trustee, which deed conveyed real estate in the city of Fort Madison, Lee County, Iowa. In the same suit the plaintiffs sought to set aside an agreement between Rashid, Scherfe, as trustee, and the holders of first, second, and third mortgages on the property covered by the deed. These mortgages were liens on the real estate prior to the lien of the judgments against Rashid. The agreement referred to provided for the management and control of the property, the collection of rents, and the distribution of the proceeds by the trustee, first, to the mortgagees, and then to the lien holders in the order of their priority. The agreement also provided that the balance, if any remained, should be paid to the unsecured creditors, and if any further balance remained, the same should be returned to Jacob Rashid. On the trial of that case, the court found against the plaintiffs, who appealed to this court, and by an opinion filed March 8, 1927, the finding of the lower court was affirmed. The trial court in the original action retained jurisdiction of the cause solely for the purpose of administering the trust created by the deed and the agreement. It also directed the trustee to file a bond. The following is taken from the opinion of this court in the original action:

"The court refused to set aside the deed or the agreement of the defendants, found the amount due the several mortgagees, and held that the trustee should administer the trust under the direction of the court for the protection of the rights of unsecured creditors in any balance remaining after paying the secured claims of the creditor defendants and the expenses of administration, and required the trustee to give bond. * * *

Under the decree, the trust is to be administered under the direction of the court, where the rights of the appellants, as unsecured creditors entitled to any surplus after the payment of secured claims, can be fully protected. This, in the absence of fraud in the original mortgages, is all that appellants were, in any event, entitled to."

A rehearing was denied in the cause July 1, 1927.

On February 13, 1928, the plaintiffs filed what they designate as an "amendment and supplement to plaintiffs' petition, as amended." This is a lengthy document, and we shall only refer to it sufficiently to explain what was apparently intended by the pleader.

In Paragraph 1, some new judgment creditors, who were not parties to the former trial or appeal, are sought to be added as plaintiffs. In Paragraph 2, the plaintiffs allege they have liens on a certain tract of real estate known as the Jacob Rashid home, which was no part of the real estate covered by the trust deed, or involved in any way in the former hearing. It had been mortgaged to the Santa Fe Avenue Savings Bank, which was not a party to the litigation, but which bank had brought suit to foreclose the mortgage.

Paragraph 3 consists largely of allegations as to impositions upon the court and mistakes of fact and of law in the former hearing, and in it the ruling of the lower court in the original trial is denominated an "interlocutory decree." The plaintiffs ask for a "reconsideration" and "rehearing" of this so-called "interlocutory decree."

On March 10, 1928, the plaintiffs filed another amendment, alleging, in substance, in Paragraph 1 thereof, that the deed hereinbefore referred to, to Scherfe, as trustee, and the mortgage involved in the previous litigation, were not liens, because of alleged defective acknowledgments.

In Paragraph 2 the plaintiffs allege that the mortgage on the Rashid home was not valid, because of defective acknowledgments. The plaintiffs further allege that Jacob Rashid and wife made a fraudulent conveyance to one Corey of certain property not covered by the original litigation.

In Paragraph 4 plaintiffs refer to the real estate mortgaged to the Santa Fe Avenue Savings Bank and the foreclosure suit. There is a prayer for general relief, and that the liens of these

judgment creditors should be held superior to the liens of these mortgages.

On the 18th day of May, 1928, the court entered an order authorizing said judgment creditors to join with the original plaintiffs, and further ordered that the Santa Fe Avenue Savings Bank, Schramm & Schmieg Company, Frank Corey, and Sam Rashid be made parties defendant. On January 17, 1929, the defendants, except Schramm & Schmieg Company, moved the court to set aside the order of May 18, 1928, for various reasons, among them that the order was granted without notice. The defendants also moved the court to strike from plaintiffs' pleadings the names of the plaintiffs made parties to the suit by the order of May 18, 1928, on the ground of misjoinder of parties plaintiff, and to strike the names of the defendants made parties to the suit by the same order, on the ground of misjoinder of parties defendant. The defendants also moved the court to have plaintiffs' pleadings dismissed, because all causes of action except those improperly joined had been fully determined by an adverse decision previously made in the original action, and affirmed upon appeal to this court. On March 28, 1929, the court sustained the motion to set aside, the motion to dismiss, and the motion to strike.

The original action determined finally everything that was involved in the case. The court retained jurisdiction solely for the purpose of supervising and administering the trust. The rights of the unsecured creditors are protected, in that they are to be paid out of any remaining surplus in the hands of the trustee. This is not a suit in which unsecured creditors are seeking to have orders made in reference to or in connection with the administration of the trust. Rather, the plaintiff seems to be proceeding upon the theory that the finding of the lower court in the former trial, which order was affirmed by this court, was nothing but an interlocutory order. Manifestly, this is an error. Everything involved in the original action was fully determined. Plaintiff is here endeavoring to relitigate the issues previously determined, and, furthermore, to add new ones in the action already finally closed. It requires no discussion or citation of authorities to determine that this cannot be done. The plaintiffs have had their day in court. They cannot now relitigate these matters in the manner sought.

The trial court correctly ruled in sustaining the motion to set aside and the motion to dismiss and the motion to strike. It follows that the cause must be, and is,—*Affirmed*.

MORLING, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.