HARLAN v. EMERY.

1. **Landlord and Tenant**: OCCUPANCY BY MEMBER OF FAMILY. The occupancy by the mother, of a house belonging to her son, in the absence of an agreement to the contrary, is presumed to be upon the condition that she shall pay whatever rent the premises are reasonably worth, but this presumption may be rebutted by an expressed understanding of the son that the occupancy is to be free.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, OCTOBER 3.

On the 15th day of August, 1876, the plaintiff filed against the estate of his mother, Lucetta Harlan, deceased, a claim for $310.00, for rent of house for thirty-one months, and for $5.55, balance due on other account. At the March term, 1877, the claim came on for trial before the Circuit Court, without a jury, and was disallowed. Plaintiff appeals.

*Chambers & McElroy*, for the appellant.

*I. N. Mast* and *D. H. Emery*, for appellee

DAY, CH. J.—The only point presented is that the testimony does not support the judgment. The cause is not triable here

1. LANDLORD *de novo*. The same presumption exists in favor of AND TENANT: occupancy by the finding of the court as pertains in regard to MEMBER OF FAMILY. the verdict of a jury. Neither can be disturbed unless clearly unsupported by the testimony. On the part of plaintiff his wife testified as follows: "About four or five years before she came to live there I heard a conversation between Mrs. Harlan, deceased, and my husband. She said to him she had no place to stay, that Sample had turned her out. My husband told her she might come and live in this house in question. She asked him on what terms, and he said at $10.00 per month. She said she was afraid she would not be able to pay him, and he told her he would not ask for any money now; that it might run on till her death and if there was anything left that he would charge ten dollars per month, and if there was nothing left he would get nothing. She did not accept his

offer at that time, but moved out to Wilson Harlan's, her son's, where she stayed four years, and then she stayed at Mr. Hill's four months, and then one day when she was at our house, just before she moved, I heard her say to my husband that she had come to accept of that proposition he made her before, about that house, if he would let her have it on the same terms he offered then. He told her it was all right, that she could have the house on the same terms.. She then moved into the house on September 25th, 1873, and occupied it till her death, on January 30, 1876. She never paid any rent." This testimony, it must be observed, does not specifiy what proposition of plaintiff Lucetta Harlan said she had come to accept. Whether it was the one made more than four years before, or one of a different kind made subsequently, we have no means of determining. In fact plaintiff in his argument expressly disclaims that he seeks a recovery upon a special contract, so far as amount is concerned, which is an admission that the proposition is not identified by the evidence.

Although Lucetta Harlan was plaintiff's mother, she was not a member of his family; and this case does not fall under the principle of *Scully v. Scully's Executor*, 28 Iowa, 548, and *Smith v. Johnson*, 45 Iowa, 308. From the occupancy of the premises the law presumed deceased was to pay what they were reasonably worth, unless it was expressly understood by the parties she was to have them rent free. In rebuttal of this presumption the defendant introduced one Dr. Crider, who testified that plaintiff told him that deceased was a great care and trouble on himself and family; that he was furnishing her a house and getting nothing for it. Whilst this statement does not necessarily mean that plaintiff was not to have anything for the house, it is fairly susceptible of that meaning, and it justified the court in finding that there was an understanding between the parties that deceased was to have the premises without rent. The judgment is not so without support from the testimony as to authorize our interference.

AFFIRMED.