W. A. NORMAN, Appellee, v. CLARA E. DOUGAN, Administratrix,
Appellant.

LANDLORD AND TENANT: Rent—Implied Obligation. Proof that
the holder of a first mortgage on real estate was himself in occu-
pancy of the premises, and continued such occupancy after the issu-
ance of a sheriff's deed under a junior lien, generates the presump-
tion that such occupancy was with the assent of the said occupant
and the said deed holder, with consequent obligation of the occu-
pant to pay reasonable rental to said deed holder until such time
as a deed might be executed under foreclosure of the first mortgage.

Headnote 1:  35 C. J. p. 1120.

*Appeal from Hardin District Court.*—H. E. FRY, Judge.

APRIL 6, 1926.

ACTION in probate, to establish a claim for the reasonable
rental value of certain real estate. The opinion states the
facts. The defense pleaded is a general denial. Jury was
waived, and the cause, with consent of the parties, was tried
to the court. Upon the conclusion of plaintiff's testimony, de-
fendant moved for a directed verdict, which was overruled. The
court established the claim, and from the judgment entered the
defendant appeals.—*Affirmed.*

*Lundy, Peisen & Soper,* for appellant.

*Aymer D. Davis,* for appellee.

DE GRAFF, C. J.—The one question for decision is whether
the plaintiff established a prima-facie case. The defendant
offered no evidence. The determinative proposition finds its
origin in the overruled motion of the defendant for a directed
verdict.

This action is in probate, and was instituted to recover   on
a claim from an occupant of certain real estate the reasonable
value of its use. It is undisputed that the title of said real
estate during the time in question was in the plaintiff, by virtue
of an unimpeached sheriff's deed.

The claim filed against the estate, although it may be viewed as a unit, is severable, and covers two periods of time: (1) from August 16, 1922, on which date the plaintiff had issued to him a sheriff's deed, to November 22, 1922, on which date J. E. Dougan died; and (2) from November 22, 1922, on which date the administratrix continued the business of J. E. Dougan on said premises under order of court, to January 19, 1923, on which date the right, title, and interest of plaintiff terminated in the premises in question by virtue of a sheriff's deed delivered to the administratrix, pursuant to a mortgage foreclosure sale and execution.

The trial court established the first claim in the sum of $400, with interest, as a claim of the third class, and established the second claim in the sum of $237, with interest, as a preferred claim against the estate.

The record evidence is wholly documentary, plus a stipulation of record, to wit:

"It is agreed in open court that Dougan and his administratrix occupied the premises during the time claimed, and that the fair and reasonable rent was $125 per month."

The primary inquiry is whether the proof offered by plaintiff discloses that the reasonable rental value of the realty is predicated on an implied promise by the defendant to pay rent. This fact constitutes the major premise for a decision in this case. There is no suggestion in the pleadings or evidence that the possession of the defendant was tortious, or that the defendant was wrongfully in possession. However, the measure or rule of recovery is not involved. See *State Exch. Bank v. Iblings,* 190 Iowa 1045; *Scott v. Habinck,* 192 Iowa 1213; *Carrigg v. Mechanics Bank of Providence,* 136 Iowa 261. The pleadings and proof are limited to the implied promise of the defendant to pay the reasonable value of the use. In legal effect, the action is in assumpsit. It is a quasi contractual relation. The legal principle involved makes it necessary to outline the chronology of the essential documentary facts.

On July 25, 1917, J. E. Dougan and wife, Clara, executed a deed in fee simple to the real estate to one Albert H. Younker,

and on the same date Younker executed two mortgages on said real estate to Dougan, in part consideration of the purchase price.

On November 24, 1920, the Norman Auto Company obtained a judgment against Younker in the Hardin district court in the sum of $2,500, with costs and attorney's fees. This judgment became a lien upon the real estate. On July 30, 1921, pursuant to an execution issued on said judgment, the real estate was sold at sheriff's sale to the Norman Auto Company, and a certificate of sale was duly issued to said company, which assigned same to the plaintiff herein. On August 16, 1922, a sheriff's deed was issued to the plaintiff on said certificate.

The mortgages on said real estate were foreclosed by J. E. Dougan, and, on November 23, 1921, a decree of foreclosure was entered. On January 7, 1922, pursuant to an execution issued against the real estate on the foreclosure decree, a sheriff's sale was had, and a certificate of sale was issued to J. E. Dougan.

On November 22, 1922, J. E. Dougan died, and letters of administration issued to his wife, Clara, and she duly qualified as administratrix. On January 19, 1923, a sheriff's deed issued to her, pursuant to the execution sale on the foreclosure of the mortgages heretofore mentioned. It further appears that, on December 5, 1922, the administratrix filed in the office of the clerk of the Hardin district court an application in which she recited that, at the time of the death of J. E. Dougan, he was the owner of certain automobiles and accessories, "being in and upon the following described premises [the real estate in question], and was in possession of said premises and conducting a general garage business at said location." She prayed that an order be entered authorizing and directing her to conduct said business at said place, as heretofore conducted. The order as prayed was entered.

What is the law of the case? At common law, the purchaser at a sheriff's sale was entitled to recover for use and occupancy, as against the judgment-debtor remaining in possession. *Gale v. Parks*, 58 Ind. 117. Under our interpretation, a sheriff's deed gives to the grantee all rights which the judg-

ment-debtor had in the premises. The deed is a statutory conveyance of title, and the grantee takes the same title as though he were a purchaser at the same date from the judgment-debtor himself. *Keefe v. Cropper,* 196 Iowa 1179; *McElroy v. Allfree,* 131 Iowa 112; *Kane v. Mink,* 64 Iowa 84. In the event that leasehold interests are in existence, the grantee becomes the substituted landlord of the tenant in possession. See *Clark v. Strohbeen,* 190 Iowa 989 (13 A. L. R. 1419); *Stanbrough v. Cook,* 83 Iowa 705; *Townsend & Knapp v. Isenberger,* 45 Iowa 670.

In the instant case, there is no showing of express contract of lease, either between Dougan and the prior title holder, Younker, whose title was divested by sheriff's sale and passed under deed to the plaintiff, Norman, or between Dougan and the grantee, Norman. The promise, therefore, to pay rent must arise by implication. The occupancy of real estate by an alleged tenant in relation to his obligation to pay the reasonable value of its use must be viewed and construed in the light of the pleaded and proved facts. See *Herron v. Temple,* 198 Iowa 1259; *Harlan v. Emery,* 46 Iowa 538.

The plaintiff-grantee, figuratively speaking, stepped into the shoes of the prior title holder and mortgagor, Younker. We discover no value in the suggestion that the failure of Norman, the legal title holder out of possession, to object to the possession of the occupant, negatives the assent of the parties which is necessary to the creating of a tenancy at will. Section 10159, Code of 1924; *Martin v. Knapp,* 57 Iowa 336. Such assent may be expressed or implied.

Clearly, it may be implied from the record facts and the stipulation that the assent of both parties existed, and that Dougan remained in possession on and after the issuance of the sheriff's deed, by virtue of implied assent. Furthermore, the stipulation of record must be interpreted in the light of the allegations of plaintiff's petition, which recites:

"That, sometime prior to the 30th day of July, 1922, J. E. Dougan bought of Albert H. Younker his stock of automobiles, accessories, and supplies, and took possession of said real estate and the buildings thereon, and operated in said

buildings and upon said premises an automobile repair shop
and an automobile garage, and transacted upon said premises
and in said buildings an automobile business; that plaintiff was
entitled to the possession, rents, and profits of said real estate
from the date of his sheriff's deed, to wit, the 16th day of
August, 1922, down to the time of the death of J. E. Dougan,
on the 22d day of November, 1922.''

The trial court was entitled to construe the stipulation of
the parties in the light of the pleaded facts.  It is further
shown that the administratrix of Dougan, in her application to
continue the business of the estate of J. E. Dougan on said
premises, recognized that possession, and secured an order of
court to continue the said business on the premises, record
title to which was in plaintiff.  Under such circumstances, it
will not be presumed that the premises were to be occupied
gratuitously or rent-free.

The trial court was not concerned with proof as to the
reasonable value of the use, since that was admitted and de-
termined by the stipulation.  The trial court was concerned
with the intent and content of the stipulation, and whether the
continued occupancy of the premises, under the circumstances,
after the issuance of the sheriff's deed to plaintiff, gave rise
to the implication.  The stipulation is not a meaningless thing.
It admitted the possession and the reasonable value of the use.
No special defense was pleaded.  No evidence of any kind was
introduced by defendant.  The documentary facts plus the stipu-
lation carry the implication necessary and essential for a de-
cision of the cause.

It follows that Dougan and his estate are liable, under the
instant record, to account to the grantee for the value of the
use for the period of time as defined in the petition of plain-
tiff.  Wherefore, the judgment entered is—*Affirmed.*

All the justices concur.