CENTRAL SHOE COMPANY et al., Appellants, v. JACOB RASHID
et al., Appellees.

FRAUDULENT CONVEYANCES: Grounds of Invalidity—Nonpreju-
dicial Results. A deed and trust agreement may not be deemed
fraudulent when the good-faith beneficiaries thereunder acquire sub-
stantially no greater advantage than formerly possessed by them, and
when creditors who are not parties thereto suffer no substantial
diminution in their rights.

Headnote 1: 27 C. J. pp. 451, 470.

Headnote 1: 12 R. C. L. 491.

*Appeal from Lee District Court.*—JOHN M. RANKIN, Judge.

MARCH 8, 1927.

REHEARING DENIED JULY 1, 1927.

Action in equity, to set aside a deed and trust agreement as
in fraud of creditors. The court dismissed the petition, holding,
however, that the trust should be administered under direction
of the court for the protection of the rights of unsecured cred-
itors.—*Affirmed.*

*John Benbow,* for appellants.

*Johnson & Martin,* for Jacob Rashid, Sadie Rashid, William
A. Scherfe, American State Bank, and Fort Madison Savings &
Loan Association, appellees.

*Ralph B. Smith,* for Buck-Reiner Company, Thomas John,
Trustee, appellees.

*Jesse Schlarbaum,* for Lizzie Boeding, appellee.

*E. H. Pollard,* for Lee County Savings Bank and S. Joseph,
appellees.

VERMILION, J.—On October 3, 1924, the defendants Jacob
Rashid and Sadie Rashid, his wife, executed and delivered to the
defendant W. A. Scherfe, trustee, a warranty deed conveying a

large number of lots in the city of Ft. Madison. The deed gave the trustee power to sell and incumber the property conveyed. The property conveyed was all incumbered by existing mortgages, executed sometime before the deed. These mortgages were severally held by the defendants other than the Rashids and Scherfe, trustee, to secure debts owed by Jacob Rashid.

On October 15, 1924, Jacob Rashid, Scherfe, as trustee, and the other defendants entered into a written agreement, which recited that Jacob Rashid and his wife were indebted to a number of persons, and that such indebtedness was secured by liens on the real estate that had been theretofore conveyed to Scherfe, as trustee. The agreement provided for the collection of the rents by the trustee; that the trustee might sell and convey any or all of the property; and that, upon a sale, the parties to the agreement holding liens thereon would release the same; for a method of fixing the prices at which the property should be sold; for the removal by the trustee of prior liens on the property not held by parties to the agreement; for the compensation of the trustee; for the distribution of the proceeds of the sale of particular lots to the parties to the agreement holding liens thereon, according to their priority; and that, if any balance remained in the hands of the trustee, he should apply it to the satisfaction of unsecured creditors of Jacob Rashid's, and if any balance still remained, or any property was still in the hands of the trustee undisposed of, he should pay the balance or convey the property to Jacob Rashid.

The plaintiffs, appellants, are judgment creditors of Jacob Rashid's, whose judgments were all rendered on or subsequent to January 27, 1925, and after the execution of both the deed and agreement above referred to.

The plaintiffs asked to have the deed to Scherfe, trustee, and the agreement between the defendants set aside as fraudulent, and that the mortgages and the other preferential liens of the defendants be postponed to the judgment liens of the plaintiffs.

The court refused to set aside the deed or the agreement of the defendants, found the amount due the several mortgagees, and held that the trustee should administer the trust under the direction of the court for the protection of the rights of unsecured creditors in any balance remaining after paying the

secured claims of the creditor defendants and the expenses of administration, and required the trustee to give bond.

The only charge of actual fraud presented by appellants that merits any attention is that many of the mortgages of the defendants were for more than the amount actually due thereunder. This contention is grounded on two propositions: (1) That the defendants failed to offer any proof of the amounts due under their respective mortgages; and (2) that it is shown that there were a number of releases of portions of the mortgaged property of record that were made upon valuable considerations. Most of these releases were made before the execution of the deed to Scherfe and the agreement of October 15, 1924.

The abstract contains a stipulation of record in the court below as to the several amounts due the mortgagee defendants under their mortgages on October 15, 1924, the date of the trust agreement, which is prefaced by the statement that:

"Counsel for defendants proffered the following offer of stipulation at the time objected to by counsellor for plaintiffs, John L. Benbow."

Appellees have denied that the quoted statement that the stipulation was not agreed to is in the record, and there has been no certification of the record. The denial must be taken as true. Rule 17.

The stipulation provided that the plaintiffs might, during the further progress of the litigation, introduce evidence to prove, or tending to prove, that the amounts therein stated were not the amounts due the respective defendants; but if no such evidence should be introduced, it was agreed and stipulated that the amounts so set forth were due the respective parties named, on October 15, 1924.

The amounts due on the several mortgages were established by the stipulation. No further proof thereof was required of appellees. The stipulation reserved to appellants the right to show that the amounts therein set out were not correct. The several releases of portions of the mortgaged premises executed prior to October 15th established, on their face, no more than that certain property had been released, for a valuable consideration, from the lien of the mortgage. But that fact, without more, did not establish that the amounts stated in the stipulation as due on a date subsequent to the releases were not correct.

More obviously still, releases, or even payments, subsequent to October 15th could not affect the amount due on that date. The court was fully warranted by the record in finding the amounts due on the several mortgages to be as stated in the stipulation. No fraud in appellees' mortgages was shown.

The conveyance and the trust agreement are properly to be considered as one transaction, although executed at different times. None of the appellants acquired any rights in the interim. There is no claim on the part of the trustee or the mortgagees of any greater rights under the deed than are given them by the trust agreement. Nothing more is claimed under either than the payment of the secured claims from the mortgaged property. The mortgagees were the holders of valid secured claims. The debtor conveyed the mortgaged premises to a trustee for their benefit. There was no attempt on the part of Rashid to do more than to devote the mortgaged property to the payment of the mortgage debts, and there is no claim on their part to more than the payment of their claims. The trust agreement provided that any surplus remaining should be applied on Rashid's unsecured debts. Appellees can secure nothing more than the payment of their claims out of the mortgaged property, and that they were entitled to under their mortgages.

The right of a creditor, acting in good faith, to secure payment of his claim, although he knows that the debtor is insolvent and that the result will be to postpone or defeat other creditors in the collection of their claims, is well settled. And even knowledge that the debtor is actuated by a fraudulent purpose will not defeat his right if he acts in good faith for his own protection, and with no participation in the fraudulent purpose of the debtor. *Halloran v. Halloran,* 195 Iowa 484; *Barks v. Kleyne,* 198 Iowa 793; *Grant v. Cherry,* 199 Iowa 164; *Harris v. Carlson,* 201 Iowa 169.

No fraud in the transaction is shown. But, if it could be said that a fraudulent purpose on the part of Rashid appears, no participation therein on the part of the mortgagees is shown. Indeed, the only ground upon which it is claimed that appellants were prejudiced, is that the trustee's compensation is to be paid out of the property, and that they are deprived of the rights of redemption which they would have had if the mortgages were foreclosed. There is no showing that the trustee's compensation

provided for in the trust agreement is excessive, or would exceed the costs of foreclosure. The current rents from the properties are, under the trust agreement, to be applied on the claims. This is something that could have been secured on foreclosure of the mortgages only through receiverships. Some of the mortgages are second and third liens on portions of the property. The advantages accruing to the creditors, both secured and unsecured, from the trust agreement are apparent, and, as we have said, it is not shown that injury will result to appellants from the administration of the trust.

Under the decree, the trust is to be administered under the direction of the court, where the rights of the appellants, as unsecured creditors entitled to any surplus after the payment of secured claims, can be fully protected. This, in the absence of fraud in the original mortgages, is all that appellants were, in any event, entitled to.

The claim that Rashid was induced by duress to execute the deed is without support in the evidence.

What has been said disposes of the contentions of appellants. The decree is—*Affirmed.*

EVANS, C. J., and STEVENS and FAVILLE, JJ., concur.