ALBERT, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.

PEOPLES SAVINGS BANK OF AVOCA, Appellant, v. CATHERINE McCARTHY et al., Appellees.

No. 39713.

December 13, 1929.

Rehearing Denied March 21, 1930.

Turner & Turner, for appellant.

Tinley & Tinley, Robertson & Robertson, and Preston & Dillinger, for appellees.

Faville, J.—The appellant held a mortgage upon a half section of land. It had been executed by the appellees (except the receiver-appellee). Said appellees were the owners of said premises as tenants in common. Appellee Catherine McCarthy was the owner of an undivided one third of said premises, and the other appellees were the owners of an undivided two thirds thereof. The appellant instituted an action for the foreclosure of its mortgage against said premises, and obtained a decree of foreclosure on the 26th day of January, 1925. Execution was duly issued, and the premises were sold as a whole thereunder on the 25th day of February, 1925. Appellant was the purchaser at said foreclosure sale, and a sheriff's certificate of sale was duly issued to it. On the 23d day of February, 1926, the year for redemption being about to expire, the appellee Catherine McCarthy filed an affidavit for redemption of an undivided one third of said premises. This was resisted by the appellant, and on February 24, 1926, a hearing was had on said application. At said time the following stipulation was entered into between the parties:

"It is agreed by the parties that the sheriff's deed shall not issue on the sheriff's certificate of sale in this case until the questions presented at this hearing are determined by the court, and until further order of court, and the sheriff is directed not to issue sheriff's deed or sheriff's certificate of sale until further order of court. The rights of all parties concerned in this proceedings are to remain in statu quo until the finding of the final decree."

The matter was taken under advisement by the court, and no order entered therein until nearly a year later, to wit, on the 7th day of January, 1927. In the meantime, the appellant had leased said premises for the season of 1926 to one of the appellees, and a crop of corn had been raised on said premises. On said 7th day of January, 1927, the court entered an order on the said application of said Catherine McCarthy for a right to redeem, and held that the said Catherine McCarthy was entitled to redeem an undivided one third of said premises on the payment of an amount stated. A part of said order is as follows:

"And it is further found that the right of redemption of all other mortgagors under this third mortgage was terminated on February 23rd, 1926; and for the reason that this matter is determined as of that date, and for the further reason that the bank was entitled to a deed to an undivided two-thirds interest in said property from and after the date of February 23, 1926, it is therefore ordered that the bank be treated as the owner and title holder of an undivided two-thirds interest from said date for all intents and purposes the same as though a sheriff's deed had been issued to it on said date. And in the event that Mrs. McCarthy shall pay in the balance due, as hereinbefore found, and she shall then be treated as a title holder of an undivided one-third interest from and after said date of February 23rd, 1926. But in the event of her failure to redeem, as herein provided, then the bank shall be treated as the title holder of the whole of said property from and after the date of February 23rd, 1926."

Both parties served notice of appeal from said order, but the appeals were never perfected. The sheriff's deed to the undivided two thirds of said land was issued on the 17th day of March, 1927. On the application of the appellant, a receiver was appointed, who took possession of the corn raised on said premises during the year 1926. No question is made in regard to the right of Catherine to one third of said corn. The sole question on this appeal involves the right to the proceeds of the undivided two thirds of the said corn which was raised on said premises during the year 1926. No attempted redemption was made by any of the appellees except Catherine. The appellant was entitled to a sheriff's deed at the expiration of the

year from the sheriff's sale, to wit, on February 25, 1926. Two days before that date, the appellee Catherine McCarthy had made application for the right to redeem the undivided one third of said premises. The rights of the remaining appellees to redeem were entirely cut off at the end of the period of redemption, to wit, on February 25, 1926. But for the pending application of Catherine for a right to redeem as to the undivided one third, the appellant would have received a sheriff's deed to the premises on said date. In any event, the appellant was entitled to a sheriff's deed to the undivided two thirds of said premises at said date. However, in view of the pending application of Catherine to redeem an undivided one third of said premises, the stipulation above set forth was entered into between the parties. It is appellees' contention that the owner of the title to the premises under a mortgage foreclosure is entitled to the possession of said premises until sheriff's deed is issued; in other words, that the title of the owner is not divested until a new title is acquired by the execution of the sheriff's deed, and that the redemptioner is entitled to possession of the foreclosed premises until such sheriff's deed has been issued. There can be no question but that this is the general rule. Code, 1924, Section 10053; *Norman v. Dougan*, 201 Iowa 923; *Goldstein v. Mundon*, 202 Iowa 381. The sheriff's certificate of sale does not entitle the holder thereof to the possession of the premises or to receive the rents and profits. It is the execution and delivery of the sheriff's deed that divests the title and that carries with it the right to the possession of the premises and the rents and profits therefrom. It would therefore follow, as a matter of law, that the appellees would be entitled to the possession of the premises and to the rents and profits thereof until the date of the execution and delivery of the sheriff's deed, to wit, March 17, 1927, if there were nothing in the record barring such right. Unless appellees are so barred, the law would award them the rents and profits until the time of the actual delivery of the sheriff's deed. We are therefore called upon to construe the stipulation which was entered into at the time of the hearing on the application of Catherine to redeem. It was then provided that: "The rights of all parties concerned in this proceedings are to remain *in statu quo* until the finding of the final decree." It is contended by the appellees that the

provision that the rights of the parties should remain *in statu quo* is to be construed to mean that the appellant's legal right as the holder of the sheriff's certificate was to be unchallenged until the final determination by the court of the right of Catherine to redeem the undivided one third. We cannot concur in this construction of the stipulation. The order of the court entered on January 7, 1927, expressly decreed that:

"The right of redemption of all other mortgagors [appellees] under this third mortgage was terminated on February 23, 1926, and for the reason that this matter is determined as of that date; and for the further reason that the bank was entitled to a deed to an undivided two-thirds interest in said property from and after the date of February 23, 1926, it is therefore ordered that the bank be treated as the owner and title holder of an undivided two-thirds interest from said date, for all intents and purposes the same as though a sheriff's deed had been issued to it on said date."

An appeal was prosecuted from this finding, but was subsequently abandoned; and therefore this order stands as the final adjudication and determination of the court as to said matter. It is, in effect, a construction of the stipulation entered into between the parties, and an adjudication that the bank was the owner and the title holder of the undivided two thirds of said premises "for all intents and purposes the same as though a sheriff's deed had been issued to it on said date," to wit, the day when the rights of said parties to redemption expired and the appellant became entitled to its deed. This was the final adjudication of the rights of the parties in pursuance of the previous stipulation. It is not now subject to review, nor can it be challenged. Under this order, the subsequent execution of the sheriff's deed related back and was referable to the date when the period of redemption expired as between the parties to such foreclosure proceedings. The parties had a legal right to stipulate that the issuance of a sheriff's deed should be held in abeyance, pending the final determination of the right of Catherine to redeem, and that the parties should not be affected by the fact that the issuance of the sheriff's deed was so withheld. The court expressly decreed, in finally passing upon said matter, that the rights of the appellees as mortgagors, should,

under such decree, be terminated as of the date when the sheriff's deed was due. The order of the court fixing said rights as of the date that the sheriff's deed was due was, we think, in harmony with the stipulation of the parties, and not having been appealed from, it was final, and determinative of the matter. This being true, the appellant was entitled to the possession of the premises and the rents and profits therefrom from and after the date when the said sheriff's deed was due, to wit, February 25, 1925, and was accordingly entitled to the portion of the crop raised upon said premises in the hands of the receiver. The order of the court awarding said crop to the appellees was erroneous, and it is—*Reversed.*

ALBERT, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.