**Russell H. BARTELS and Edward Chester, Appellees,**

**v.**

**HENNESSEY BROTHERS, INC., Defendant-Appellant,**

**M. J. Hennessey Construction Company, Defendant-Appellee.**

**No. 53159.**

Supreme Court of Iowa.

Jan. 14, 1969.

Thomas H. Pirnie, of Barnes, Wadsworth, Elderkin, Locher & Pirnie, Cedar Rapids, for appellant.

James R. Snyder, of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellees.

A. F. Craig, Jr., Independence, for defendant-appellee.

RAWLINGS, Justice.

In quiet title action plaintiffs, Russell H. Bartels and Edward Chester, as subsequent grantees, alleged a prior deed from M. J. Hennessey Construction Company, grantor, to Hennessey Brothers, Inc., first grantee, having been corrected as to property description prior to final indexing and recording, without re-execution, re-acknowledgment and re-delivery, was a nullity and thereby accorded them no constructive notice.

Upon the basis of stipulated facts, trial court quieted title in plaintiffs, and defendant Hennessey Brothers, Inc. appeals. We reverse.

For convenience, Bartels and Chester will hereafter be referred to as plaintiffs or second grantees; Hennessey Brothers, Inc. as defendant-appellant or first grantee; and M. J. Hennessey Construction Company as defendant-appellee or common grantor.

These are the agreed facts:

"1. That on February 9, 1966, M. J. Hennessey Construction Company executed a warranty deed for a valuable consideration to Hennessey Brothers, Inc., said deed conveying lots 7, 8, 9, and 10 in Bell's Addition to the City of Cedar Rapids, Iowa, to Hennessey Brothers, Inc.; that the said warranty deed was filed and indexed in the office of the County Recorder of Linn County, Iowa, on February 10, 1966; * * * that M. J. Hennessey Construction Company owned Lots 1, 3, 4, 5 in Bell's Addition to the City of Cedar Rapids, Iowa, but not Lots 7, 8, 9, 10 in Bell's Addition to the City of Cedar Rapids, Iowa, on February 9, 1966.

"2. That the Linn County Recorder, pursuant to Sections 558.57 and 558.58 of the Iowa Code, before recording the deed, delivered it to the Linn County Auditor to be entered on the transfer books; that the Linn County Auditor then notified Hennessey Brothers, Inc., the grantee, that M. J. Hennessey Construction Company did not own the lots described in the warranty deed, but owned Lots 1, 3, 4 and 5 in Bell's Addition to the City of Cedar Rapids, Iowa; that on February 16, 1966, the lot numbers on the said deed were changed from Lots 7, 8, 9 and 10 to Lots 1, 3, 4 and 5 by either an employee of the Linn County Auditor's office or an employee of Hennessey Brothers, Inc., the grantee (said employee not being an officer or director of Hen-

nessey Brothers, Inc.); that Lots 7, 8, 9 and 10 were x-ed out on the deed and Lots 1, 3, 4 and 5 typed in above the x-ed out portion; that the said office employee of Hennessey Brothers, Inc., the grantee placed his initials, H. H. L., and the date 2–16–66, on the deed opposite where the change was made.

"3. That the said deed was not re-executed, re-acknowledged or re-delivered at the time the change was made nor at any time thereafter; that notice of the change in the deed was not given to M. J. Hennessey, President of M. J. Hennessey Construction Company, or to Charlotte M. Hennessey, Secretary of M. J. Hennessey Construction Company, the persons who executed the warranty deed on behalf of M. J. Hennessey Construction Company, nor to any officer or director of the said corporation; that prior to the change being made, an officer of Hennessey Brothers, Inc., the grantee, conferred with William T. Connery, an attorney for M. J. Hennessey Construction Company and the scrivener of the deed and the said attorney instructed the officer of Hennessey Brothers, Inc. to have the lot numbers changed on the deed to conform the deed to the intent of the parties, which was to describe in the deed four lots in Bell's Addition to the City of Cedar Rapids, Iowa, owned by M. J. Hennessey Construction Company.

"4. That subsequent to the time that the change was made, the Linn County Auditor entered the transfer of Lots 1, 3, 4 and 5 in the transfer books, index book and plat book pursuant to Sections 558.60–558.64 of the Iowa Code; that subsequently the deed was returned to the office of the Linn County Recorder where the index was changed to reflect the change in the lot numbers and the deed was recorded; * * *.

"5. That on May 31, 1967, M. J. Hennessey Construction Company executed and delivered a warranty deed conveying Lots 3, 4, and 5, Bell's Addition to the City of Cedar Rapids, Iowa, to plaintiffs Russell H. Bartels and Edward Chester for a valuable consideration; that Russell H. Bartels and Edward Chester had no actual knowledge of the prior instrument to the same property to Hennessey Brothers, Inc.; that the said deed was filed for record on June 1, 1967, Vol. 1333, page 533."

The record discloses the original stipulation contained a marginal note opposite paragraph 3, supra, which states: "M. J. Hennessey Construction Co. does not stipulate to this. A. F. Craig, Jr."

Accompanying the aforesaid marginal notation is a bracket indicating the following facts were not agreed to by defendant-appellee: "[T]hat prior to the change being made, an officer of Hennessey Brothers, Inc., the grantee, conferred with William T. Connery, an attorney for M. J. Hennessey Construction Company and the scrivener of the deed, and the said attorney instructed the officer of Hennessey Brothers, Inc. to have the lot numbers changed on the deed to conform the deed to the intent of the parties, which was to describe in the deed four lots in Bell's Addition to the City of Cedar Rapids, Iowa, owned by M. J. Hennessey Construction Company."

Trial court found the first deed between defendant-appellee, common grantor, and defendant-appellant, first grantee, having been materially altered by purporting to convey property other than that described in the original deed, was, in effect, a different instrument, which constituted a cloud on plaintiffs' title, and ordered it removed. Inferentially this must mean trial court found the first deed did not impart constructive notice to plaintiffs even though indexed and recorded as corrected.

In support of trial court's ruling plaintiffs argue that in order for a lawfully recorded deed to impart constructive notice, it must be properly acknowledged; if an instrument is invalidly acknowledged it cannot be lawfully recorded; and if recorded it does not afford constructive notice to third parties.

Stated otherwise, second grantees take the position, changing of the property description was a material alteration which required the deed be re-acknowledged before it could be lawfully recorded; and if recorded without such re-acknowledgment, the recordation does not serve to impart constructive notice to subsequent purchasers without actual notice.

On the other hand, defendant-appellant appeals claiming, where an *erroneous description* in a deed is corrected in the auditor's office after notice from him to the grantee, pursuant to section 558.67, quoted infra, and the auditor completes the transfer under the corrected description, the recorder accordingly revises his index, and the deed is recorded in its amended form, constructive notice is imparted by such indexing and recording, without need for any re-execution, re-acknowledgment and re-delivery.

In other words, defendant-appellant argues, when a correction of description is made in a deed pursuant to section 558.67 and the instrument is then indexed and recorded as corrected, a new instrument is not essential in order to impart constructive notice. See Marshall, "Iowa Title Opinions and Standards", chapter 2, and especially section 2.1(I), page 49, note 26.

■ I. A quiet title action stands in equity which means our review is de novo. Jeffrey v. Grosvenor, Iowa, 157 N.W.2d 114, 122.

II. This case, as aforesaid, was submitted on an agreed stipulation of facts, no party hereto having presented any other evidence, either contradictory or explanatory.

■ Touching on that subject we said in Burnett v. Poage, 239 Iowa 31, 39, 29 N.W.2d 431, 435: "Stipulations and agreements of settlement are favored by the court and are valid and binding."

They should also be construed in light of the pleadings. Norman v. Dougan, 201 Iowa 923, 927, 208 N.W. 366, and 50 Am. Jur., Stipulations, section 8, page 609.

And, subject to limitations respecting propriety, applicable statutes, or court rules, an agreement as to facts, entered into between parties to a judicial proceeding, is ordinarily binding upon those who make them. 83 C.J.S. Stipulations § 13, page 31, and 50 Am.Jur., Stipulations, section 9, page 610.

■ However, a stipulation admitting certain designated facts does not relieve a party of the necessity of proving facts not admitted, either expressly or by implication, which are essential to a valid cause of action, *or defense.* 83 C.J.S. Stipulations § 24(3), page 63.

■ Moreover, courts are ordinarily bound by and must enforce stipulations as *to matters and facts which may be* validly agreed upon, but is not precluded from adopting findings of fact inferentially established though not specifically determined by a factual stipulation. 83 C.J.S. Stipulations § 17, page 37. But see In re Estate of Rorem, 245 Iowa 1125, 1143, 66 N.W.2d 292, 47 A.L.R.2d 1089.

■ Here defendant-appellee, refused to stipulate William Connery, attorney, ever authorized first grantee to make the subject property description correction, but presented no counter-stipulation or other evidence in that regard. See 83 C.J.S. Stipulations § 24(3), page 63.

Furthermore, first grantee and second grantees did stipulate and agree William Connery, attorney for common grantor and scrivener of the deed to first grantee, authorized first grantee to effect the property description correction and these parties are accordingly bound.

Also, absent any showing to the contrary by common grantor, the foregoing constitutes a sufficient basis upon which to conclude the authorization was given by

attorney Connery, as claimed by first grantee. See Central Shoe Co. v. Rashid, 203 Iowa 1103, 1105–1106, 212 N.W. 559, and Norman v. Dougan, supra.

The answer filed by defendant-appellee alleges, inter alia, the deed to first grantee was not intended as a conveyance of title to any property, and asks first grantee be barred and estopped from ever having or claiming any right in lots, 1, 3, 4, 5, 7, 8, 9 or 10.

But, trial court failed to expressly or impliedly determine the issue thus raised by common grantor's answer, and no request was made for clarification, amplification, or correction of the court's findings and conclusions. See rule 179, R.C.P., and Jersild v. Sarcone, Iowa, 163 N.W.2d 78, opinion filed December 10, 1968.

The record also discloses defendant-appellee neither appealed nor cross-appealed, and resultantly can have no greater relief or redress here than was accorded it by trial court. Randolph Foods, Inc. v. McLaughlin, 253 Iowa 1258, 1277, 115 N.W.2d 868, and Schlotfelt v. Vinton Farmers' Supply Co., 252 Iowa 1102, 1115, 109 N.W.2d 695.

III. The basic question presented is whether a deed containing a pre-recording land description correction serves to impart constructive notice when thereafter in all respects properly indexed and recorded. It is at once apparent, we are not here called upon to determine the matter of any possible right of action second grantees may have against the auditor, common grantor, or anyone else. Neither is validity of the conveyance as between common grantor and first grantee an issue to be resolved on this appeal.

Relevant statutes in this jurisdiction, Code sections 558.41–558.64, disclose an established procedure relative to the recording of deeds of conveyance. They provide in substance:

No instrument affecting real estate is of any validity against subsequent purchasers for value, without notice, unless filed in the county recorder's office in the county wherein the real estate lies.

An instrument shall not be deemed lawfully recorded, unless it has been previously acknowledged or proved in the manner prescribed.

The recorder must keep index books with pages showing each grantor and grantee, time, date and nature of the instrument, the book and page where the record of the instrument may be found, and entries in each book shall show the names of the respective grantors and grantees, arranged in alphabetical order.

It is the recorder's duty to indorse upon every instrument properly filed for record the day, hour, and minute of such filing, make the necessary entries in the index book, except the book and page where the complete record will appear, *and such filing and indexing constitutes constructive notice to all persons of the rights of the grantees conferred by such instrument.*

No deed or other instrument unconditionally conveying real estate shall be entered of record by the recorder until the proper entries have first been made upon the transfer books in the auditor's office with appropriate indorsement.

At time of filing any deed the recorder shall deliver it to the county auditor after appropriate indorsement.

Every such instrument shall be recorded, as soon as practicable, in a suitable book to be kept by the recorder for that purpose and he shall complete the entries in the index books to show the book and page where the record is found.

When a deed of unconditional conveyance of real estate is presented, the auditor shall enter in the index book, in alphabetical order, the name of the grantee, the page and transfer book on which the

transfer is made, shall enter in the transfer book the name of the grantee, the grantor, date, and character of the instrument, description of the real estate, and the number or letter of the plat on which the same is marked.

Additionally, Code section 558.67, states: "The auditor from time to time shall correct any error appearing in the transfer books, *and shall notify the grantee of any error in description discovered in any instrument filed for transfer, and permit the same to be corrected by the parties before completing such transfer."* (Emphasis supplied)

Incidentally, an examination of Code section 558.49, discloses we employ in this state only the grantor-grantee index, there being no statutory provision for what is known as a tract index. This means, when A is buying from B, A uses the grantee index to ascertain when and how B acquired title, then uses the grantor index to determine whether B has ever effected any conveyance or encumbrance of the property which will prevail over him.

As heretofore disclosed first grantee's deed was delivered to the recorder's office, there indexed, and pursuant to sections 558.57 and 558.58, delivered to the auditor for recordation on the transfer records. An employee in that office, finding the common grantor did not own the lots described in the instrument, notified the grantee pursuant to section 558.67, whereupon a descriptive correction was effected. The corrected deed was then indexed, recorded on the transfer books, re-delivered to the recorder's office and there recorded, as revised, with a corresponding change of the index. As aforesaid, the corrected instrument, as it appears of record in the Linn County Recorder's office, is here challenged on the premise it did not accord constructive notice to second grantees.

IV. To resolve this issue we must determine whether the change was made by the parties, and if the correction effected was one intended by section 558.67 of the Code, or was such an alteration as to require execution and delivery of a new instrument in order to impart constructive notice. See Marshall, "Iowa Title Opinions and Standards", section 4.2(D), page 99.

Plaintiffs contend Wagle v. Iowa State Bank, 175 Iowa 92, 156 N.W. 991, is determinative on this appeal. But Wagle, supra, involved a name change of the parties to an instrument, and was decided before the enactment of Code section 558.67. It is that statute and property description correction with which we are now concerned.

Section 558.67, quoted supra, discloses the auditor is required to notify the grantee when a descriptive error is discovered in an instrument, and he is to "permit the same to be corrected by the parties before completing such transfer."

As stated supra, the first and second grantees stipulated first grantee and common grantor's attorney agreed to the descriptive correction, and common grantor presented no evidence to the contrary.

This, upon an examination of the whole record, inferentially discloses the correction was effected "by the parties". But even if this were not so, it directly and affirmatively reveals that as between first and second grantees the change was made in accord with section 558.67.

Next, in determining whether the correction was one intended by law, we look first to accepted rules of statutory construction.

In Janson v. Fulton, Iowa, 162 N.W.2d 438, 442–443, this court stated: "The construction of any statute must be reasonable and must be sensibly and fairly made with a view of carrying out the obvious intention of the legislature enacting it.

\* \* \* \* \* \*

"To put the matter differently, a statute should be given a sensible, practical, work-

able and logical construction. (Cases cited)."

And in Consolidated Freightways Corp. of Delaware v. Nicholas, 258 Iowa 115, 120, 137 N.W.2d 900, 904, is this statement: "We have also said we need not go beyond the plain and ordinary use of the words in the statute itself, and the meaning to be given the words used will be determined from the character of their use, and they will be given their natural, plain, ordinary and commonly-understood meaning in the absence of any statutory or well-established technical meaning. (Cases cited)."

Here the statute provides, *any* error in description in *any* instrument filed for transfer may be corrected by the parties.

"Corrected" is a form of the word correct, the ordinary meaning of which is, "to make or set right; remove the faults or errors from." Webster's Third New International Dictionary, page 511.

In the case at bar the change in the deed, after notice from the auditor, was clearly a property description correction to remove a discovered error. Furthermore it was made, as stated in the facts, *to conform the deed to the intent of the parties* which was to describe in that instrument four lots in Bell's Addition to the City of Cedar Rapids, Iowa, owned by common grantor.

 Ordinarily notice of an existing right or equity in property which will deprive a vendee of the status of a bona fide purchaser for value may be actual or constructive. And before any person can establish his position as such a buyer he must show the purchase was made without notice of the claim of another to the same property, actual or constructive. Hayne v. Cook, 252 Iowa 1012, 1029, 109 N.W.2d 188.

 Absent express notice given, a land purchaser generally has three established sources of information to which he should turn for ascertainment of existing rights in any property he proposes to buy: (1) the records in the County Recorder's office where basic rights involved are recorded; (2) other public records, to discover existence of rights not always disclosed in the County Recorder's office, i. e., judgments, liens and taxes; and (3) an inspection of the land itself, to determine by observation any rights which may exist apart from our recording system by virtue of occupancy, use or otherwise. See generally 92 C.J.S. Vendor & Purchaser §§ 324–360, pages 230–296.

Addressing ourselves to the matter of constructive notice, in Barney v. Little, 15 Iowa 527, this court, after stating the purpose of our recording statutes, loc. cit., 533, said at page 536: "The proposition is indisputable and clear, founded in reason, and sanctioned by authority, that 'if an ordinarily diligent search of the records will bring to an inquirer knowledge of a prior incumbrance or alienation, he is presumed to know of it.'"

With regard to the foregoing see also United States v. Cedar Valley Livestock Exchange, Inc., D.C., 169 F.Supp. 169, 175–182, and citations; Covey v. Niagara, Lockport and Ontario Power Co., 286 App. Div. 341, 143 N.Y.S.2d 421, 424; Patton on Titles, section 19; Tiffany on Real Property, Abridged Ed., page 841; 66 C.J.S. Notice § 6, page 639; and 39 Am. Jur., Notice and Notices, section 7, page 236.

 In the instant case, had second grantees examined the recorder's index book and records they would have discovered existence of the instrument facially conveying to first grantee Lots 1, 3, 4 and 5 in Bell's Addition to the City of Cedar Rapids.

Under these circumstances we now hold the aforesaid property description correction was made and effected in accord with Code section 558.67, subsequent indexing and recordation of the instrument was sufficient to enable third parties to

identify the property described, and served to impart constructive notice of its existence to everyone, including second grantees.

Resultantly, there is no alternative but to reverse and remand with instructions to set aside judgment entered, and enter judgment consistent with this opinion.

Reversed and remanded with instructions.

All Justices concur.