HAWKINS/KORSHOJ, a joint venture consisting of Hawkins Construction Company and Korshoj Construction Company, Inc., Appellee,

v.

STATE BOARD OF REGENTS, an Agency of the State of Iowa, Appellant.

No. 2–59060.

Supreme Court of Iowa.

June 29, 1977.
Rehearing Denied July 26, 1977.

Richard C. Turner, Atty. Gen., Elizabeth Nolan, Asst. Atty. Gen., and Arthur O. Leff, Sp. Counsel, Iowa City, for appellant.

Lee H. Gaudineer and John G. Black, of Austin, Myers, Peterson & Gaudineer, Des Moines, Thomas J. Monaghan, Omaha, Neb., and Leland C. White, Harlan, for appellee.

Heard by MOORE, C. J., and MASON, REES, UHLENHOPP and HARRIS, JJ.

MOORE, Chief Justice.

Defendant appeals trial court judgment entered in plaintiff's favor which sustained an arbitration award of $83,887.02. We affirm.

The case was submitted below on stipulated facts. In October 1969, plaintiff contractor entered into a contract with defendant Board of Regents to build a dental science building at the University of Iowa by October 1971 for $5,068,311. Construction was eventually completed in the fall of 1972 and acceptance made by the Board in January 1973.

Pursuant to the contract plaintiff periodically submitted "periodic estimates for partial payment" and was paid without incident accordingly. On February 26, 1973 plaintiff submitted its final estimate of $261,031.93. Defendant paid $226,031.93 of this amount in March but withheld $35,000 to cover damage sustained to the project "until such time" as the party or parties responsible for a 1972 break in the water main at the building could be ascertained.

On May 11, 1973 plaintiff filed a demand with defendant later amended on June 6, 1973, for $518,849.11 for additional items received and expenses resulting from delays in construction. Plaintiff had on August 26, 1972 notified defendant such claims would be made.

In October 1973, defendants commenced an action in Johnson County District Court against plaintiff and two other contractors to determine responsibility for a broken water main. Plaintiff meanwhile, in December 1973, filed a "notice of intent to arbitrate" its claim pursuant to the contract arbitration clause which provided:

"7.10.1 All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, * * * except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.7.5 and 9.7.6; shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement so to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

"7.10.2 Notice of the demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. The demand for arbitration shall be made within * * * . a reasonable time after the claim, dispute or other matter in question has arisen, * * *.

"7.10.3 The Contractor shall carry on the Work and maintain the progress schedule during any arbitration proceedings, unless otherwise agreed by him and the Owner in writing."

In the Johnson County litigation the parties entered into a stipulation that only the

water main damage issue would be adjudicated therein and any other claims plaintiff made against defendant were to be arbitrated. The stipulation provided in relevant part:

"There is expressly reserved to Hawkins and Korshoj and State of Iowa and State Board of Regents the right to resolve by arbitration proceedings all other claims, disputes and matters in question arising out of or relating to the October 24, 1969, contract between said parties.

"That Hawkins/Korshoj's claim against the Regents shall be and is to be arbitrated in accordance with the demand for arbitration heretofore filed by Hawkins/Korshoj and pursuant to the provisions of Paragraph 7.10 Arbitration, Article VII, miscellaneous provisions, of the general conditions of the contract for construction and entered into by Regents and Hawkins/Korshoj on October 24, 1969."

Subsequently in April 1974 defendant paid plaintiff $31,126.15 on condition its insurance carrier agree to pay any judgment ultimately entered when the liability issue was resolved. In oral argument the parties indicated the matter was still pending.

An arbitration hearing was finally held on plaintiff's claim on December 9, 1974. Prior to the reception of evidence defendant raised an objection to the arbitrability of plaintiff's claim. The basis of this objection was section 9.7.6 of the construction contract which provided:

"The acceptance of final payment shall constitute a waiver of all claims by the Contractor except those previously made in writing and still unsettled."

At the close of the evidence and before final submission defendant renewed its objection. In both instances it specifically asserted it was not waiving the objection by proceeding with the arbitration. After due consideration the arbitrators awarded plaintiff $82,976. Subsequently the American Arbitration Association directed defendant to pay plaintiff an additional $911.02 for costs previously advanced by plaintiff.

Plaintiff thereafter filed a petition in Polk County District Court praying for judgment in the amount of the arbitration award and costs which defendant had refused to pay. Defendant in its answer affirmatively alleged plaintiff's claim was not arbitrable under the construction contract and thus the award was null and void.

In sustaining the arbitration award trial court concluded defendant waived any rights it had pursuant to the original contract by entering into the stipulation filed in the Johnson County water main damage suit. Defendant has appealed.

I. While this controversy is not governed by either Federal labor laws or the Federal Arbitration Act, Title 9, United States Code, we believe recent decisions rendered in those areas provide guidance in resolving our commercial arbitration problem. *Hanes Corp. v. Millard,* 174 U.S.App. D.C. 253, 531 F.2d 585, 599; *National R. R. Passenger Corp. v. Missouri Pacific R. R. Co.,* 8th Cir., 501 F.2d 423, 427, 428.

Similarly, although Iowa has not adopted the Uniform Arbitration Act, we believe cases decided by sister states which have adopted that Act may properly be considered in our ultimate determination whether the arbitration award should be enforced pursuant to our Code chapter 679.

II. Defendant first contends trial court erred in its determination error was not preserved on the arbitrability issue. For the reasons hereinafter set forth we agree.

Trial court reasoned that defendant by entering into the Johnson County stipulation waived any rights it may have had under sections 7.10 and 9.7.6 of the construction contract to bar plaintiff's damage claim. We do not believe a fair reading of the stipulation can support this conclusion.

■ In construing stipulations the court should always attempt to ascertain and give effect to the intention of the parties. 83 C.J.S. Stipulations § 11a, page 26. This can only be accomplished by interpreting the stipulation with reference to its subject matter and in light of the surrounding circumstances and whole record including the

state of the pleadings and issues involved. *Bartels v. Hennessey Brothers, Inc.,* Iowa, 164 N.W.2d 87, 91; *Norman v. Dougan,* 201 Iowa 923, 927, 208 N.W. 366, 368; 83 C.J.S. Stipulations § 11b, page 29.

■ We believe the stipulation here reveals the parties did no more than limit the scope of the Johnson County litigation to the sole issue of liability for the water main damage. By stating that plaintiff contractor's claims were governed entirely by the contract arbitration provisions the parties merely recognized all rights and defenses of the parties would ultimately be determined by reference to that agreement.

■ III. Before proceeding to a discussion of the merits we feel we must briefly address and reject plaintiff's contention that defendant, by participating on the merits of the dispute after the arbitrators' decision in favor of arbitrability, forfeited its right to contest arbitral jurisdiction in a judicial forum. Although some cases have found a waiver in this situation, we believe the preferable rule is that a timely objection to arbitrability preserves the right to challenge the award after participating in the arbitration preceding. *Local 719, American Bakery & C. Wkrs. v. National Biscuit Co.,* 3d Cir., 378 F.2d 918, 921, 922; *Titan Enterprises, Inc. v. Armo Construction, Inc.,* 32 Cal.App.3d 828, 832, 833, 108 Cal.Rptr. 456, 458; *Board of Ed., Com. U. Sch. D. No. 4 v. Champaign Ed. Ass'n,* 15 Ill.App.3d 335, 341, 304 N.E.2d 138, 143. To hold otherwise would be adverse to the policy favoring arbitration as a substitute for litigation because such parties would hereafter either initiate a court action or totally refrain from participating in the arbitration.

■ We are thus convinced trial court was in error in holding defendant waived the right to challenge the arbitrability of plaintiff's claim for damages. However, if the court rendered a correct judgment we may still sustain that conclusion; a ruling which is *proper* on another ground, properly urged, should not be disturbed on appeal.

*Iowa Dept. of Rev. v. Iowa Merit Employ. Com'n,* Iowa, 243 N.W.2d 610, 616, 617; *Buchhop v. General Growth Properties, etc.,* Iowa, 235 N.W.2d 301, 304; *Dealers Warehouse Co. v. Wahl & Associates,* Iowa, 216 N.W.2d 391, 394.

IV. It follows from the foregoing discussion we must now turn to the decisive question on this appeal, that is, whether plaintiff's claim was arbitrable under the construction contract.

■ As to this inquiry, we begin with the established principle that the issue of arbitrability is a question for the courts and is to be determined by the contract entered into by the parties. A party cannot be required to submit to arbitration any dispute which he has not agreed to submit. *Operating Engineers v. Flair Builders,* 406 U.S. 487, 491, 92 S.Ct. 1710, 1713, 32 L.Ed.2d 248, 252; *Drake Bakeries v. Local 50,* 370 U.S. 254, 256, 82 S.Ct. 1346, 1348, 8 L.Ed.2d 474, 477; *United Steelworkers v. American Mfg. Co.,* 363 U.S. 564, 567, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403, 1407; *Local Union No. 721 v. Needham Packing Co.,* 260 Iowa 908, 913, 151 N.W.2d 540, 543, *cert. denied,* 389 U.S. 830, 88 S.Ct. 94, 19 L.Ed.2d 87, *reh. denied,* 389 U.S. 998, 88 S.Ct. 464, 19 L.Ed.2d 506; *Hussey Metal Division v. Lectromelt Furnace Division,* 3d Cir., 471 F.2d 556, 557; *International U., U.A., A. & A.I.W. v. International T & T.,* 8th Cir., 508 F.2d 1309, 1313.

■ As previously stated arbitration is a legally favored contractual proceeding as a means of settling civil disputes without the expense and delay of litigation. *First National Bank v. Clay,* 231 Iowa 703, 713, 2 N.W.2d 85, 91; Also see Code chapter 679. Congress has enacted the Federal Arbitration Act, Title 9, United States Code "as an alternative to the complication of litigation." *Wilko v. Swan,* 346 U.S. 427, 431, 74 S.Ct. 182, 185, 98 L.Ed. 168, 173. Twenty states have adopted the Uniform Arbitration Act to the same end. 7 Uniform Laws Annotated, 1971-1976 Supplementary pamphlet.

Consonant with this purpose every doubt is resolved in favor of arbitration. *Hanes Corp. v. Millard,* 174 U.S.D.C. 253, 531 F.2d 585, 598 and citations.

The Eighth Circuit recently succinctly summarized these guiding principles in the case of *National R.R. Passenger Corp. v. Missouri Pacific R.R. Co.,* 8th Cir., 501 F.2d 423, 427, 428, as follows:

"Although arbitration of labor disputes can and should be distinguished from commercial arbitration, *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 578, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960), the cases in the labor field as exemplified by the *Steelworkers* trilogy [*United Steelworkers of America v. American Manufacturing Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424] do illustrate the general requirement that courts give arbitration agreements 'full play.' In that regard, the following statements of the Supreme Court are relevant:

" 'The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. *It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract.* Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for.

" 'The courts, therefore, have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim. The agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious. The processing of even frivolous claims may have therapeutic values of which those who are not a part of the plant environment may be quite unaware. (Citations).

" 'An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage. (Citations).' " (Emphasis Supplied).

Here, trial court was only called upon to determine whether there was facially raised a colorable dispute within the framework of the arbitration agreement in order to sustain the award. Plaintiff's petition alleged as of the time the written claim for damages was filed in May 1973 it had not accepted final payment. Defendant denied this was the case and affirmatively alleged acceptance of final payment occurred prior to the submission of the claim for damages and thus by operation of section 9.7.6 of the contract the claim was not arbitrable. Supporting exhibits and stipulations were offered by both parties which have been previously summarized. Thus issue was drawn on whether there had been "acceptance of final payment" under the contract. This was a matter of contract interpretation which was properly submitted to the arbitration panel.

The judgment entered by the trial court is—AFFIRMED.