Donald L. WOODRUFF, Appellee,

v.

ASSOCIATED GROCERS OF IOWA, INC., Appellant.

No. 83-1619.

Supreme Court of Iowa.

March 20, 1985.

Leon R. Shearer and Leo L. Finkelstein of Davis, Hockenberg, Wine, Brown & Koehn, Des Moines, for appellant.

Linda S. Pettit of Pettit & Mann, Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

UHLENHOPP, Justice.

The single issue in this appeal is whether the district court correctly denied a motion for summary judgment of defendant Associated Grocers of Iowa, Inc. (AGI).

Plaintiff Donald Woodruff was discharged by AGI from his position as a truck driver on the ground of dishonesty. He sought a resolution of his grievance through procedure set forth in the collective bargaining agreement negotiated between his union and AGI. This ultimately resulted in his requesting that the griev-

ance go to arbitration. After consideration of the case, the arbitrator made findings and two recommendations: first, a binding recommendation under the collective bargaining contract that just cause existed for dismissal of Woodruff and second, a non-binding recommendation that AGI consider Woodruff's twenty-five years of service and rehire him. AGI did not follow the arbitrator's non-binding recommendation, and did not rehire Woodruff.

Fourteen months after the arbitrator's decision, Woodruff filed suit in district court seeking damages for wrongful discharge. AGI moved for summary judgment alleging the facts as to the binding arbitration and supporting the motion by affidavit as required by rule 237 of the rules of civil procedure. Woodruff's affidavit in opposition stated:

I, Donald L. Woodruff, being first duly sworn, depose and state:

1. I am the Plaintiff herein.

2. In late 1980, I informed a member of the Board of Directors of Associated Grocers of Iowa, Inc., that I had been told that the management was keeping two sets of books. I believe that I can prove that officials did find two sets of books, at least one million dollars missing and that the manager at the time was discharged. I believe that I can prove a logical connection between my "informing" about the bookkeeping procedures and my discharge.

3. Because I believe I was arbitrarily discharged for informing or "whistle-blowing" and not because of misconduct, I believe that enforcement of the arbitrator's decision in my case violates an important public policy which encourages the reporting of illegal activities and fair dealing by employers.

The district court denied AGI's motion. AGI sought permission to pursue an interlocutory appeal, and we granted permission.

■ A movant for summary judgment must show that no genuine issue of material fact exists. Iowa R.Civ.P. 237(c). We must determine whether, under the motion and resistance, AGI was or was not entitled to judgment as a matter of law. This boils down to the effect of the arbitration.

■ I. A court's inquiry in a case which has gone to binding arbitration is limited to whether the grievance is arbitrable, and whether the decision of the arbitrator draws its essence from the agreement. Once these two elements are established, the court looks no farther. *Sergeant Bluff-Luton Education Ass'n v. Sergeant Bluff-Luton Community School District*, 282 N.W.2d 144 (Iowa 1979); *Hawkins/Korshoj v. State Board of Regents*, 255 N.W.2d 124 (Iowa 1977). Arbitration is a favored form of dispute resolution to avoid the expense and delay of litigation. *Hawkins/Korshoj*, at 127. Doubts are resolved in favor of the arbitrator's decision. *Id.* at 128.

The collective bargaining agreement between the union and AGI provides in Article II for grievance procedure. Subsection A sets forth the areas that are covered by this procedure. It states in pertinent part:

Any differences, disputes or complaints arising over the interpretation or application of the contents of this Agreement which cannot be resolved between the employee and his/her immediate supervisor shall be a grievance.

Article I, subsection C, states that dishonesty is a ground for discharge. As a result of these two sections, Woodruff was clearly seeking to grieve an arbitrable issue.

Subsection B of Article II contains three steps for in-house attempts to settle grievances. If the dispute is not resolved at this stage, as in this case, either party may request arbitration as was done here. Subsection C provides for the selection of a neutral arbitrator. No complaint was made as to the neutrality of the arbitrator in the instant case.

Subsection E sets forth the arbitrator's jurisdiction:

The arbitrator shall have jurisdiction and authority only to interpret and apply the expressed provisions of this Agreement. The arbitrator shall not have au-

thority to alter, amend, subtract from, add to, or otherwise modify any of the terms of this Agreement. *The arbitrator's decision, rendered in writing, shall be final and binding upon the Employer, the Union and employees.*

(Emphasis added.)

■ Under these subsections, the arbitrator had the right to decide the issue of Woodruff's discharge for dishonesty. The complaint lodged against Woodruff was clearly a grievance contemplated by the grievance procedure. In the absence of limitations in the contract not present here, the arbitrator's decision must be calculated to be a just and equitable resolution. 6 C.J.S. *Arbitration* § 107, at 335 (1975). The result sought by AGI was a decision upholding its discharge of a dishonest employee. The remedy given by the arbitrator therefore "drew its essence" from the contract, specifically subsection E.

■ II. Woodruff states, however, that the issue of "whistle-blowing," alleged in paragraph 3 of his resistance, was not before the arbitrator, and thus the arbitrator's decision is not res judicata on that issue. We disagree. Arbitrated decisions are favored because they arise pursuant to a contract between the parties and because they speed the resolution of disputes as needed in business. *Sergeant Bluff-Luton*, at 147. If we permitted a party who has arbitrated a dispute to challenge the result because of some evidence that existed but the party did not bring before the arbitrator, we would erode the policy of quick resolution and final results. In addition, in this case the collective bargaining agreement specifically states in subsection D that "any grievance which has not been presented under the grievance procedure ... shall be considered as settled...."

Even in a situation involving newly available evidence, which presents a stronger case than the one at bar, reluctance is shown to permit attack on an arbitrator's decision. *Washington-Baltimore Newspaper Guild, Local 35 v. Washington Post Co.*, 442 F.2d 1234 (D.C.Cir.1971). In that case the court held newly available evidence did not constitute sufficient ground to attack the arbitrator's decision or even to go before the arbitrator again. The court iterated the strong policy of finality in these cases, not unlike the policy underlying the prohibition of splitting causes of action. Restatement (Second) of Judgments § 24 (1982).

■ III. Woodruff also argues that to enforce the arbitrator's decision in this case would contravene public policy. Assuming without deciding that whistle-blowing, if established, would open an arbitrator's decision, *but see Palmateer v. International Harvester Co.*, 85 Ill.2d 124, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981), Woodruff's argument fails under rule 237(e) of the rules of civil procedure:

> Supporting and *opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein....* When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, *by affidavits or otherwise as provided in this rule*, must set forth *specific facts* showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

(Emphasis added.) *See Gruener v. City of Cedar Falls*, 189 N.W.2d 577, 580 (Iowa 1971). When we reread Woodruff's affidavit in resistance, we find that it does not measure up to the requirements of rule 237(e).

We return the case to district court for a summary judgment dismissing the petition.

**REVERSED AND REMANDED.**