INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, LOCAL UNION 2548, AFL–CIO, Plaintiff,

v.

VICTOR FLUID POWER COMPANY, Defendant.

84–1469.

Supreme Court of Iowa.

June 19, 1985.

Mark S. Soldat, Algona, for plaintiff.

David M. Lofholm and Leon R. Shearer of Davis, Hockenberg, Wine, Brown & Koehn, Des Moines, for defendant.

Considered by UHLENHOPP, P.J., and HARRIS, McGIVERIN, LARSON and SCHULTZ, JJ.

McGIVERIN, Justice.

Pursuant to Iowa Code chapter 684A and Iowa R.App.P. 451–61, the United States District Court for the Northern District of Iowa has certified to us the following question: Does the ninety-day limitation period for challenging an arbitrator's decision, set forth in Iowa Code sections 679A.12 and 679A.13, apply to actions brought in Iowa district court to vacate, modify or correct a labor arbitration award? We answer the question in the affirmative.

I. *Background for the question.* The undisputed procedural facts are as follows. On September 28, 1983, pursuant to a collective bargaining agreement between an employer and its employees, an arbitration decision was delivered concerning a controversy between plaintiff International Association of Machinists and Aerospace Workers, Local Union 2548, and defendant Victor Fluid Power Company, an Iowa employer. On April 20, 1984, plaintiff instituted the present action in United States district court under section 301 of the Labor Management Relations Act, 29 U.S.C. section 185, seeking enforcement of the arbitrator's decision. On May 3, defendant

filed its answer, contending that the decision in question was not enforceable because the arbitrator had exceeded the scope of his authority in rendering the decision.

Plaintiff moved for summary judgment under Fed.R.Civ.P. 56, maintaining that defendant was barred from attacking the validity of the arbitrator's decision. Although section 301 of the Labor Management Relations Act contains no statute of limitations concerning an attack on an arbitrator's decision, plaintiff contended that the ninety-day limitation period specified in Iowa Code sections 679A.12(3) and .13(1) was applicable to the present case.[1] Because defendant had taken no action to vacate or modify the arbitrator's decision within ninety days of its rendition, plaintiff argued that defendant could not attack it in the present case in federal court.

Defendant resisted plaintiff's motion for summary judgment, arguing that the ninety-day period relied upon by plaintiff was an inappropriate limitation period for the present case, because of the Iowa General Assembly's intent to exclude contracts between employers and employees from the scope of chapter 679A. Defendant contended that the proper limitation period for attacking the arbitrator's decision was contained in either Iowa Code section 614.1(4) (five years), section 614.1(5) (ten years), or section 614.1(6) (twenty years). Under any of these statutes, defendant was not barred from attacking the validity of the arbitrator's decision because less than five years had passed since its rendition.

The United States district court reserved its ruling on the motion for summary judgment. Citing *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476, 485 (1983), the court noted that the proper limitation period for defendant's attack on

---

1. The ninety-day limitation periods appear in Iowa Code sections 679A.12(3) and 679A.13(1) as follows:

    Section 679A.12(3)—An application [to vacate an arbitrator's award] under this section shall be made within ninety days after delivery of a copy of the award to the applicant.

    Section 679A.13(1)—Upon application made within ninety days after delivery of a copy of the award to the applicant, the district court shall modify or correct the award if any of the following apply. . . .

the arbitrator's decision would be that used by Iowa courts in a similar case. Although Iowa Code chapter 679A provides for a ninety-day limitation period for attacking an arbitration award, the court expressed its uncertainty as to the suitability of that period when the award in question was rendered pursuant to a collective bargaining agreement between an employer and its employees. The court's uncertainty resulted from the following language in section 679A.1(2):

> A provision in a written contract to submit to arbitration a future controversy arising between the parties is valid, enforceable, and irrevocable unless grounds exist at law or in equity for the revocation of the contract. This *subsection* shall not apply to any of the following:
>
> . . . .
>
> b. A contract between employers and employees.

(Emphasis supplied.)

Noting the lack of controlling Iowa authority on the issue, the federal district court certified to us the question of whether the ninety-day limitation period for vacating or modifying an arbitrator's decision, contained in Iowa Code sections 679A.12(3) and .13(1), would apply in an action brought under those sections to vacate, modify or correct an award rendered pursuant to a collective bargaining agreement.

II. *Applicability of the ninety-day limitation period to arbitration in the collective bargaining context.* Defendant employer argues that the language of section 679A.1(2), reproduced above, operates to exclude arbitration pursuant to a collective bargaining agreement from all of chapter 679A. Accordingly, defendant maintains that the ninety-day limitation period contained in chapter 679A for attacks on arbitration awards cannot be used to bar an attack on an arbitration award made pursuant to a collective bargaining agreement.

In opposition, plaintiff contends that the collective bargaining exclusion of sec-tion 679A.1(2) governs only the enforceability of an arbitration clause in a collective bargaining agreement and does not control the enforceability of an arbitration award under sections 679A.12 and .13 after such an award has been made. We agree with plaintiff.

Iowa Code chapter 679A, entitled Arbitration, is substantially taken from the Uniform Arbitration Act, 7 *Uniform Laws Ann.*, 1 (1978), which has been adopted as a basis for arbitration statutes in most states. The Uniform Act specifically says that it applies "to arbitration agreements between employers and employees or between their respective representatives." *Id.* at 4. We believe the language of the exclusion in subsection 679A.1(2) is too narrow to support the broad interpretation urged by defendant. The exclusion, by its own terms, is made applicable only to the subsection in which it appears, not the entire chapter. This distinguishes the present case from those from jurisdictions in which the relevant state arbitration act excludes collective bargaining agreements from the scope of the entire act or chapter, not merely a section or subsection thereof. *Cf.* Alaska Stat. § 09.43.010 (1983); Ark. Stat.Ann. § 34–511 (Supp.1983); Md.Cts. & Jud.Proc.Code Ann. § 3–206(b) (1980); Mass.Ann.Laws ch. 251, § 1 (Michie/Law Co-op.1980); Mich.Comp.Laws Ann. § 600.-5001(3) (1968); N.C.Gen.Stat. § 1–567.2(b) (1983); Okla.Stat.Ann. tit. 15, § 802A (West Supp.1984–85); S.C.Code Ann. § 15–48–10(b) (Law. Co-op.1984 Supp.); Tex.Rev. Civ.Stat.Ann. art. 224 (Vernon 1973). In such cases, federal courts have frequently refused to adopt the state arbitration statute's limitation period for setting aside an arbitrator's award in a labor dispute case. *See, e.g., International Union of Electrical, Radio, and Machine Workers, AFL–CIO–CLC v. Ingram Manufacturing Co.,* 715 F.2d 886, 889 (5th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1711, 80 L.Ed.2d 184 (1984); *Badon v. General Motors Corp.,* 679 F.2d 93, 98 (6th Cir.1982).

By comparison, we believe the narrowness of the collective bargaining exclusion

in section 679A.1(2) does not support or compel the conclusion that the ninety-day limitation period of sections 679A.12(3) and .13(1) must be inapplicable to attacks on a labor arbitration award.

Section 679A.11 provides that upon application of a party, the district court shall confirm an award unless within the time limits imposed under sections 679A.12 and .13 grounds are urged for vacating or modifying the award.

We believe that the language of section 679A.12 supports the conclusion that the legislature intended the ninety-day limitation period to apply to an arbitration award rendered pursuant to a collective bargaining agreement. The relevant language in section 679A.12 is as follows:

1. Upon application of a party, the district court shall vacate an award if any of the following apply:

. . . .

e. There was no arbitration agreement, the issue was not adversely determined in proceedings under section 679A.2, and the party did not participate in the arbitration hearing without raising the objection.

Under this provision, the mere fact that an arbitration award was made in the absence of an enforceable agreement to arbitrate is not adequate grounds for vacating the award.[2]

Section 679A.2(2) allows a party to obtain a court-ordered stay of an arbitration proceeding on a showing that there is no valid and enforceable agreement to arbitrate. Section 679A.12(1)(e), however, indicates legislative intent that if a section 679A.2 stay is not obtained and the party participates in the arbitration hearing without raising the objection that no enforceable agreement to arbitrate exists, the party waives any objection to submission of the dispute to arbitration.

The legislature apparently foresaw that parties would sometimes choose to submit a dispute to arbitration, or not object to submission to arbitration, even though neither party could force such arbitration. The effect of section 679A.12(1)(e) is to protect an award obtained in such a situation unless the conditions specified in the statute are found to exist. If the specified conditions do not obtain, then the award will not be vacated even though it was rendered pursuant to an unenforceable agreement to arbitrate, such as might be contained in a collective bargaining agreement between an employer and its employees.

The language of section 679A.12(1)(e) persuades us that, notwithstanding the fact that a party to a collective bargaining agreement cannot compel arbitration under chapter 679A, an arbitration award rendered pursuant to such an agreement can still be enforceable under that chapter. Thus the exclusion of collective bargaining agreements contained in section 679A.1(2)(b) affects only the enforceability of agreements to arbitrate contained therein and does not operate to exclude labor arbitration awards, after they are made, from the scope of sections 679A.12 and .13.[3] This result is consistent with our case law position before enactment of Iowa Code chapter 679A that "while provisions to bind the parties to the use of arbitration to settle future disputes [are] not enforceable by the Iowa courts, the courts do not treat them as void and will enforce them after an arbitration award has been given to one of the parties." *Joseph L. Wilmotte*

2. In *Woodruff v. Associated Grocers of Iowa, Inc.*, 364 N.W.2d 215, 217 (Iowa 1985), we implied that once the parties have submitted a dispute to arbitration, there is a strong policy favoring finality of the arbitration decision.

3. The absence of language similar to section 679A.12(1)(e) in section 679A.13 does not affect this conclusion. Section 679A.13 deals with modification of an award, rather than vacation.

The fact situation described in section 679A.12(1)(e), which presumably would indicate vacation of an award rather than modification, would be unlikely to appear in an action brought under section 679A.13. Also, an application to modify or correct an award would seem to concede the basic validity of the submission of the controversy to the arbitrator.

*& Co. v. Rosenman Bros.*, 258 N.W.2d 317, 325 (Iowa 1977).

Therefore, we conclude that the ninety-day limitation period for seeking vacation or modification of an arbitration award does apply to an action brought under chapter 679A seeking to vacate or modify a labor arbitration award rendered pursuant to a collective bargaining agreement.

The clerk is directed to proceed in accordance with Iowa R.App.P. 458.

CERTIFIED QUESTION ANSWERED.