**UE LOCAL 893/IOWA UNITED PROFESSIONALS,**
Appellant,

v.

**Dale L. SCHMITZ, Appellee.**

No. 96–1812.

Supreme Court of Iowa.

March 25, 1998.

Matthew Glasson of Glasson, Sole, McManus & Combs, P.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Diane M. Stahle, Special Assistant Attorney General, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and TERNUS, JJ.

LAVORATO, Justice.

This appeal presents the following question: When a public employment collective bargaining agreement provides for binding arbitration of grievances, do arbitrators have the authority to issue a subpoena duces tecum? In a union's application to enforce such a subpoena, the district court decided no authority exists to issue the subpoena. We disagree. We reverse and remand for further proceedings.

I. *Facts.*

A collective bargaining agreement (agreement) exists between the State of Iowa and UE Local 893/Iowa United Professionals (Union). The present dispute arises out of a grievance filed pursuant to the agreement. The grievant is a social worker in the Iowa department of human services. The department had terminated her employment for cause. The grievance ultimately reached arbitration.

Before the arbitration hearing, the Union asked the arbitrator to issue a subpoena duces tecum to Dale Schmitz, the regional director of the department. The subpoena required Schmitz to give testimony and bring with him "any and all letters of discipline, including but not limited to reprimands and suspensions issued to Dale Carter and Karen DeVore between June 1, 1995 and December

31, 1995." Carter and DeVore are department employees and were the grievant's supervisors. The agreement does not cover Carter and DeVore because both are supervisory employees.

The arbitrator issued the subpoena. Later, in a letter to the arbitrator, the Union asked that the State produce the requested documents and supply them to the Union before the scheduled arbitration hearing. In a telephone hearing, the State objected to the issuance of the subpoena on the following grounds. First, the arbitrator did not have subpoena power. Second, the subpoena requested documents relating to supervisory employees who were not covered by the agreement. Last, the requested documents constituted confidential personnel records protected from disclosure by Iowa Code section 22.7(11) (1995).

In a letter following the telephone hearing, the arbitrator refused to order production of the records. The arbitrator also put the Union on notice that the State was asserting the arbitrator lacked subpoena authority. The arbitrator further advised the Union that it should immediately take any court action it deemed appropriate to obtain the documents and presence of the supervisors for the arbitration hearing.

The Union did not take any court action as the arbitrator had suggested. Schmitz appeared at the arbitration hearing but without the requested documents. The arbitrator concluded the arbitration hearing but held the record open pending resolution of the subpoena power issue.

### II. *Proceedings.*

Following the arbitration hearing, the Union brought this contempt action against Schmitz to enforce the subpoena. *See* Iowa Code § 622.76. Schmitz resisted, contending the arbitrator lacked subpoena power, the records sought were confidential, and the Union had no right to subpoena personnel records of employees outside of the bargaining unit.

Following the contempt hearing, the district court ruled that the arbitrator lacked subpoena power and denied the Union's application to enforce the subpoena through contempt. The court did not reach the other two contentions Schmitz had raised in his resistance.

The Union appeals, contending the district court erred when it concluded the arbitrator lacked subpoena power.

### III. *Arbitrators and Subpoena Power.*

The Union first contends Iowa Code chapter 679A authorizes arbitrators to issue subpoenas compelling the attendance of witnesses and the production of records, and should control here. Iowa Code chapter 679A is Iowa's version of the Uniform Arbitration Act.

Iowa Code section 679A.1(2) provides that [a] provision in a written contract to submit to arbitration a future controversy arising between the parties is valid, enforceable, and irrevocable unless grounds exist at law or in equity for the revocation of the contract. This subsection shall not apply to any of the following:

. . . .

b. A contract between employers and employees.

The section 679A.1(2)(b) exclusion applies only to the enforceability of arbitration provisions in a collective bargaining agreement; the exclusion does not apply to the remaining provisions of the Act. *International Ass'n of Machinists v. Victor Fluid Power*, 369 N.W.2d 805, 807 (Iowa 1985). One of those remaining provisions is Iowa Code section 679A.7(1), which authorizes arbitrators to "issue subpoenas for the attendance of witnesses and for the production of ... documents...." Thus, notwithstanding that a party to a collective bargaining agreement cannot compel arbitration under chapter 679A, an arbitrator has the authority to issue subpoenas once parties to such an agreement are in arbitration.

The collective bargaining agreement in *Victor Fluid* involved parties in the private sector. *See id.* at 806. For this reason, the district court here chose not to follow *Victor Fluid*, apparently believing that chapter 679A does not apply to public sector labor arbitrations. On this point, the district court

found that "in the absence of a contractual provision between the union and the State of Iowa granting to the arbitrator subpoena powers, no such powers exist." Schmitz takes the same position on appeal.

As the Union points out, chapter 679A draws no distinction between public and private sector labor arbitrations. From this, the Union argues, the logical conclusion follows that the legislature intended chapter 679A to apply equally to public and private sector labor arbitrations.

The Union makes a strong argument. In support of its argument, the Union cites to our prior cases in which we have not recognized any significant distinction between public and private sector labor arbitration cases. *See, e.g., Sergeant Bluff–Luton Educ. Ass'n v. Sergeant Bluff–Luton Community Sch. Dist.,* 282 N.W.2d 144, 147 (Iowa 1979) (adopting federal case authority favoring arbitration, stating: "[w]e adopt the rationale of the *Steelworkers* cases for even though this is a public employee agreement we have discovered no tenable basis for distinction on that ground alone").

That brings us to Schmitz's contention that an arbitrator in public sector cases has no subpoena power unless the parties agree otherwise in their collective bargaining agreement.

■ A. *Relationship between Iowa Code chapters 20 and 679A.* Schmitz sees the issue as one involving the relationship between Iowa Code chapters 20 and 679A. Chapter 20 deals with all aspects of public employee collective bargaining, whereas chapter 679A deals only with arbitration. Chapter 20 does not specifically confer subpoena power on arbitrators; chapter 679A does. Schmitz insists that the more specific statute, chapter 20 dealing with public employees collective bargaining, must prevail over the more general statute, chapter 679A, which provides for arbitration proceedings in general.

Schmitz argues that a close reading of chapter 20 supports his contention that an arbitrator in public sector cases has no subpoena power unless the parties agree otherwise in their collective bargaining agreement.

Thus, Schmitz concludes, chapter 679A plays no part in the subpoena power issue.

■ In support of his contention, Schmitz relies on two sections in chapter 20: Iowa Code sections 20.9 and 20.18. For purposes of negotiation, the law categorizes bargaining topics affecting public employees as mandatory (shall meet to negotiate) and permissive (other matters mutually agreed upon). *City of Fort Dodge v. Iowa PERB,* 275 N.W.2d 393, 395 (Iowa 1979). When a topic is mandatory, the parties must negotiate on it, and a failure to resolve the issue can lead to final binding arbitration. *Id.;* Iowa Code § 20.9.

One such mandatory topic includes "grievance procedures for resolving any questions arising under the [collective bargaining] agreement." Iowa Code § 20.9. Iowa Code section 20.18 sets forth options available to the parties in determining which grievance procedures to follow. For example, the parties may choose binding arbitration. *Id.* § 20.18. If they do, section 20.18 provides the arbitrator may not "change or amend the terms, conditions or applications of the collective bargaining agreement." *Id.*

Schmitz points out that the parties here have chosen binding arbitration for grievances and have limited the scope of the arbitrator's authority in accordance with section 20.18. The parties' agreement, however, neither provides for subpoena power nor refers to any statutory authority that would authorize such power. For this reason, Schmitz concludes, "it would be contrary to the language and intent of chapter 20 to require the parties to look outside of the collective bargaining agreement for direction on how a grievance should be handled and the scope of an arbitrator's authority." In short, because the parties did not contract to grant an arbitrator subpoena power, chapter 679A cannot fill the void.

The Union suggests Schmitz's argument is based on the incorrect assumption that parties can by contract cloak arbitrators with subpoena power. The Union points out that the district court made the same incorrect assumption: "The Court finds in the absence of a contractual provision between the union and the State of Iowa granting to the arbitrator subpoena powers, no such powers exist."

In support of its argument, the Union asserts that the power to issue subpoenas is a legal power, enforceable by contempt. The power to issue subpoenas, the Union further asserts, would apply to third parties who might be witnesses, not just parties to the contract, or in privity to the contracting parties. Thus, the Union concludes, if chapter 679A does not apply, then the parties surely cannot by contract create the legal authority to issue subpoenas. The Union further concludes that if chapter 679A does apply to public sector labor arbitrations, then the parties cannot change the law or its application by contract.

 The Union is correct in its assertion that the power to issue a subpoena is a legal power. A subpoena duces tecum is defined as

> [a] *court process,* initiated by a party in litigation, compelling production of certain specific documents and other items, material and relevant to facts in issue in a pending judicial proceeding, which documents and items are in the custody and control of a person or body served with process.

Black's Law Dictionary 1426 (6th ed.1990) (emphasis added); *see also* Iowa Code § 622.65 (subpoena duces tecum compels person to attend and bring required book or writing). As the Union points out, subpoenas are enforceable by contempt, a court process. Iowa Code § 622.76.

 In addition, in the absence of a statute, arbitrators have no power to compel witnesses to appear in proceedings before them. 4 Am.Jur.2d *Alternative Dispute Resolution* § 189, at 215 (1995); *see also* Clarence M. Updegraff & Whitley P. McCoy, *Arbitration of Labor Disputes* 199 (2d ed. 1961) ("At common law there was no power in the arbitrator to compel the attendance of witnesses."). Although we have never confronted the issue relative to arbitrators, we have held administrative agencies must have statutory authority to issue subpoenas. *See Iowa City Human Rights Comm'n v. Roadway Express, Inc.,* 397 N.W.2d 508, 510 (Iowa 1986) (holding that administrative subpoenas are entitled to judicial enforcement where the subpoena is within statutory authority of agency, reasonably specific, not unduly burdensome, and reasonably relevant to matters under investigation).

Without a statute granting arbitrators subpoena powers, parties to collective bargaining agreements have no way to enforce obedience to any subpoena that arbitrators may issue to witnesses other than the parties, or persons in privity with the parties. As to such nonparty and nonprivity witnesses, any agreement authorizing arbitrators to issue subpoenas is an exercise in futility.

For these reasons, we conclude the legislature did not intend to include subpoena power for arbitrators in the mandatory topic "grievance procedures" of section 20.9. A contrary conclusion would be a stretch. *See Welp v. Iowa Dep't of Revenue,* 333 N.W.2d 481, 483 (Iowa 1983) ("In considering legislative enactments we should avoid strained, impractical or absurd results."). Moreover, such a conclusion would be contrary to our previous holdings that we construe the list of mandatory topics narrowly and restrictively. *See, e.g., City of Ft. Dodge,* 275 N.W.2d at 398.

By "procedures," the legislature more likely meant procedures for resolving contract disputes. As the Union argues, these typically could include such matters as a description of the form of the grievance, the number and steps in the grievance procedure, the persons involved at each step, the time limits for completion of each step or appeal to the next, whether arbitration is available and under what circumstances, and the number of arbitrators involved and how they are selected.

Having concluded that the parties could not contract to give the arbitrator power to issue a subpoena, we are left with the prospect of chapter 679A which does give such power. That brings us to Schmitz's second contention against looking to chapter 679A for such power.

 B. *Harmonizing chapter 20 and chapter 679A.* Schmitz contends there are three specific areas of conflict between chapter 20 and chapter 679A, making it impossible to harmonize the two chapters. Those

include the right to legal representation, the costs of arbitration, and the ability to have binding arbitration.

In effect, Schmitz is invoking a rule of statutory construction involving conflicting statutes. Iowa Code section 4.7 codifies the rule:

> If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision.

The rule comes into play provided two conditions are met: the two statutes cover the same subject matter and are irreconcilable. *State v. Peters,* 525 N.W.2d 854, 857 (Iowa 1994). Here chapter 20 says nothing about the authority of an arbitrator to issue a subpoena; section 679A.7 does. In these circumstances, we do not have two statutes speaking to the same matter, unless we can say that the legislature's silence in chapter 20 means arbitrators in public sector arbitrations do not have subpoena power. Such a conclusion would be another stretch. We know of no rule of statutory construction that calls for such a conclusion.

Thus, we reach the conclusion that nothing in chapter 20 or in chapter 679A prevents application of section 679A.7 to public sector arbitrations. In short, pursuant to section 679A.7 arbitrators in public sector arbitrations have subpoena powers.

 Our conclusion furthers the legislative preference for resolving issues through arbitration, if possible. *Sergeant Bluff–Luton,* 282 N.W.2d at 146–47. In addition, our conclusion furthers the legislature's policy of ensuring labor peace: employees would not have to fret over grievances if arbitrators had the power to issue a subpoena duces tecum and resolve matters quickly. *See* Iowa Code § 20.1 ("The general assembly declares that it is the public policy of the state to promote harmonious and cooperative relationships between government and its employees ...."); *see also* Iowa Code § 4.6(1) (in ascertaining legislative intent, court looks to object sought to be attained). Moreover, our conclusion cuts both ways:

the State may find itself in the position of wanting to subpoena union witnesses and records under the union's control. After all, justice is a search for the truth and the "function of an arbitrator is quasi-judicial." *Koopman v. Farmers' Mut. Hail Ins. Assoc.,* 209 Iowa 958, 962, 229 N.W. 221, 222 (1930). Without such subpoena power, discovering truth is left to chance.

IV. *Disposition.*

Because we conclude Iowa Code section 679A.7 gives arbitrators in public sector arbitrations subpoena powers, we reverse the district court's contrary ruling. We remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**