**REGENT INSURANCE COMPANY,**
Appellee,

v.

**ESTES COMPANY, a Corporation,**
Appellant.

No. 95–1508.

Supreme Court of Iowa.

June 18, 1997.

Martha L. Shaff and Jean Dickson Feeney of Betty, Neuman & McMahon, L.L.P., Davenport, for appellant.

John P. Harris and Jeffrey C. Kull of Bozeman, Neighbour, Patton & Noe, Moline, Illinois, for appellee.

Considered by LARSON, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

CARTER, Justice.

Estes Company (Estes) subcontracted with Crawford Heating (Crawford) for the installation of a ventilation system on a housing project in Davenport. The subcontract required the heating subcontractor, Crawford, to obtain insurance naming Estes as an addi-tional insured. The subcontract also contained an indemnification clause. Crawford did cause Estes to be named as an additional insured under its policy, but as we will later discuss herein, a dispute has arisen over the scope of coverage afforded to said additional insured.

While installing the ventilation system, a Crawford employee, Robert Martin, was injured when tresses installed by the general contractor, Estes, collapsed. He sustained serious injuries and, in a subsequent action against Estes, recovered an award of $430,-000.

The plaintiff-appellant in this case, Regent Insurance Company, was the insurer for Crawford that had added Estes as an additional insured under the policy. It brought a declaratory judgment action in the district court seeking a determination that the scope of coverage afforded to this additional insured did not include liability for Martin's claims against Estes.

In addition to the clause in the subcontract agreement requiring that the general contractor, Estes, be named as an additional insured under Crawford's policy, there was an indemnification clause providing:

[T]he Subcontractor shall indemnify and hold harmless the ... Contractor ... from and against claims damages, losses and expense including but not limited to attorneys' fees, arising out of or resulting from performance of the work ... but only to the extent caused in whole or in part by negligent acts or omissions of the Subcontractor, anyone directly or indirectly employed by them or anyone [for] whose acts they may be liable. ...

In seeking to establish that it provided Estes with no coverage against Martin's claim, Regent Insurance Company argued that the coverage afforded Estes was coextensive with Estes' right against Crawford under the indemnity agreement. It also urged that irrespective of the consequences of the indemnity agreement specific language in the additional insured endorsement of the policy limited the coverage afforded Estes to situations that did not include the circum-

stances of Martin's claim. That language of the policy endorsement reads as follows:

WHO IS AN INSURED ... is amended to include as an insured the person or organization shown in the schedule, but only with respect to liability arising out of "your work" for that insured....

As part of the schedule of additional insureds the policy provided: "The following is added ...: ESTES COMPANY."

Regent Insurance Company filed a motion for summary judgment seeking a ruling that its policy did not protect Estes against Martin's claim. The district court sustained that motion on the ground that the insurance coverage afforded Estes, as an additional insured, was coextensive with Crawford's duty to indemnify Estes under the provisions of the subcontract. Focusing on the language in the indemnification agreement that provided that the duty to indemnify was "only to the extent caused in whole or in part by negligent acts or omissions of the Subcontractor, or anyone directly or indirectly employed by them," the court found that it was undisputed that Martin's injuries were in no way caused by the negligent acts of the subcontractor, Crawford. Because of the court's belief that insurance coverage was coextensive with Crawford's obligation to indemnify Estes, it sustained a motion for summary judgment.

Estes' appeal of the district court's summary judgment ruling was heard by the court of appeals. Estes contended that the district court misinterpreted the extent of Crawford's obligation to it under the indemnity agreement and also urged that, irrespective of the rights of the contractor and subcontractor under the indemnity agreement, the contractor was an additional insured under the subcontractor's policy with Regent Insurance Company for purposes of Martin's claim.

The court of appeals upheld the district court's analysis of the subcontractor's liability to the contractor under the indemnification clause. Without any discussion of the district court's conclusion that Estes' insurance coverage was coextensive with Crawford's obligation to indemnify Estes, the court of appeals affirmed the district court's

ruling in part but remanded the case for further consideration of the question of who was an insured under the policy language. Regent Insurance Company sought further review of the court of appeals decision asserting that the court of appeals should simply have affirmed the district court's ruling denying coverage and left nothing for further consideration on remand.

In responding to our grant of further review, Estes argues that Crawford's obligation to indemnify Estes from certain liabilities under the terms of the subcontract is an entirely different issue from Regent Insurance Company's obligation to Estes as an additional insured under Crawford's policy. In considering the arguments of the parties, we are inclined to agree with that contention. Our inquiry does not end at this point, however. Regent Insurance Company also urged as a basis for its motion for summary judgment that Estes was added as an additional insured "only with respect to liability arising out of [Crawford's work for Estes]." Because the word "you" is defined in the policy as referring to the named insured, we agree with Regent's argument concerning the limited scope of the endorsement adding Estes as an additional insured. Regent urges, and we agree, that under the undisputed facts of the case Martin's right of recovery against Estes was in no way attributable to the work performed or to be performed by Crawford under its contract with Estes. Although, we disagree with the theory upon which the district court granted summary judgment, the motion was nonetheless properly sustained based on an alternative ground that had been presented to the district court. It is well established that Regent Insurance Company, as appellee, may seek to save the judgment on that basis. *State ex rel. Miller v. National Farmers Org.*, 278 N.W.2d 905, 906 (Iowa 1979) (when reason given by district court for its adjudication is erroneous, adjudication will nevertheless be sustained if a separate ground, properly urged, is correct); *Hawkins/Korshoj v. State Bd. of Regents*, 255 N.W.2d 124, 127 (Iowa 1977) (same).

As a result of the conclusions that we have reached, we agree with Regent Insurance

Company that the court of appeals incorrectly remanded the case to the district court for further consideration of issues involving the extent of coverage provided to Estes for the Martin claim. The district court's judgment had correctly determined that no coverage existed for that claim. Although we do so for reasons other than those expressed by the district court, we reach the same result. Estes is afforded no protection under the Regent Insurance Company policy for the claims against it by Martin. If the extent of the coverage provided Estes under the Regent Insurance Company policy is less than that to which it was entitled under its contract with Crawford, it must look to Crawford for recourse and not the insurance company. *City of Cedar Rapids v. Insurance Co. of N. Am.*, 562 N.W.2d 156, 158–59 (Iowa 1997). The decision of the court of appeals is vacated, and the judgment of the district court is affirmed.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**