TABOR, J.
(dissenting).
I respectfully dissent. I would affirm the termination of the mother’s parental rights under Iowa Code sections 232.116(l)(f) and (h); these grounds were alleged and proven by the State at the termination hearing, and argued as an alternative basis for affirming on appeal.
The State’s petition seeking to terminate the mother’s parental rights cited section 232.116(l)(d), (f) (as to Ja.C., Jo.C. and D.R. who were all four years of age or older), (h) (as to A.R. who was three years of age or younger), (k), and (l). The juvenile court decided the State had proved paragraph (d) as a statutory *634 ground for termination, and did not address the other potential grounds.
The majority limits its analysis to the evidence supporting paragraph (d). Under the general rule of appellate review, “[w]e are obliged to affirm an appeal where any proper basis appears for a trial court’s ruling, even though it is not one upon which the court based its holding.” See Citizens First Nat'l Bank v. Hoyt, 297 N.W.2d 329, 332 (Iowa 1980); see also Regent Ins. Co. v. Estes Co., 564 N.W.2d 846, 848 (Iowa 1997) (restating “well-established” proposition that appellee may seek to save judgment on alternative basis presented to the trial court); Midwest Mgmt. Corp. v. Stephens, 353 N.W.2d 76, 78 (Iowa 1984) (noting supreme court “will affirm a decree in equity if it can be sustained upon any pleaded basis which is supported by the record, regardless of the basis used by the trial court”). Our court has applied this principle in termination of parental rights cases. See T.N.M., 542 N.W.2d at 575 (finding clear and convincing evidence for termination on voluntary consent ground when juvenile court rejected that basis and terminated on abandonment ground); In re J.B., No. 08-1557, 2009 WL 1140492, at *2 (noting we can “affirm the juvenile court on any ground pled, even if was not a ground relied on by the court”); In re S.Z., No. 03-1237, 2003 WL 22346186, at *3 (Iowa Ct.App. Oct. 15, 2003) (citing Israel v. Farmers Mut. Ins. Ass’n, 339 N.W.2d 143, 146 (Iowa 1983) (“In reviewing de novo, we will affirm if there is a proper basis for the decree entered by the trial court, even though the reasons for affirming are different than those upon which the trial court relied.”)); see also Robbins, 230 N.W.2d at 491 (finding it “unnecessary to decide whether the second ground alleged in the petition properly stated a basis for termination under section 232.41(2)(d), which, although not relied on by the trial court, would have justified termination”).
The majority does not directly overrule T.N.M., but appears to find it is no longer viable law after the adoption of the expedited appellate rules for termination-of-parental-rights cases. The majority engages in a useful discussion of the due process rights afforded parents in child welfare cases. But I find it unhelpful to accuse the State of “bypassing requirements” and taking “shortcuts” which “offend fair play” when our case law has not addressed the interplay between the expedited appellate rules and the accepted principles of appellate practice. For instance, the majority faults the State for not filing a cross-appeal or asking the juvenile court to enlarge its findings under Iowa Rule of Civil Procedure 1.904(2). But under the existing law, the State was not required to file a cross-appeal. “It is well-settled law that a prevailing party can raise an alternative ground for affirmance on appeal without filing a notice of cross-appeal, as long as the prevailing party raised the alternative ground in the district court.” Duck Creek Tire Serv., Inc. v. Goodyear Comers, L.C., 796 N.W.2d 886, 893 (Iowa 2011). The State raised the alternative statutory grounds for termination in the juvenile court and presented clear and convincing evidence in support of their elements. Likewise, under existing law, the State, as the prevailing party, was not required to file a motion to enlarge the juvenile court’s findings. See Johnston Equip. Corp. of Iowa v. Indust. Indem., 489 N.W.2d 13, 16-17 (Iowa 1992) (overruling case which required successful party to ask trial court to enlarge its findings to address second basis for recovery).
The State also raised the alternative grounds for affirming the juvenile court at its earliest opportunity on appeal. The *635 State argued in its original response to the mother’s petition on appeal:
The termination petition did not rely totally on Iowa Code section 232.116(l)(d) for termination of the mother’s parental rights. It is clear that termination of the mother’s parental rights could also have been ordered pursuant to Iowa Code section 232.116(f) and (h).... Because the circumstances that led to the adjudication had not been corrected, the children could not safely be returned to the mother’s care at the present time.
The mother admitted as much at the termination hearing. The mother acknowledged she was not saying “Give me my kids back today,” but was asking for another six months so that she could secure stable housing for herself and her four children. She also acknowledged she could benefit from parenting classes so that she could develop better coping skills.
The DHS worker testified at the hearing that in addition to a lack of suitable housing, the mother had unaddressed mental health issues and possible substance abuse needs. In addition, the termination record showed the mother did not participate in the services offered to her by the DHS, attending only about half of the scheduled visitations with her children. Moreover, when she did attend visitations they did not always go well; the mother would yell at the children and use physical discipline. The encounters were described as “chaotic.” The younger children would cower from their mother and the older children reported they would not feel safe in their mother’s care. The mother also was hostile to the DHS workers and harassed the foster family caring for the younger boys. The children’s guardian ad litem advocated for termination and recommended the juvenile court' suspend visitations with the mother. The record did not provide any evidence these children could have been safely returned home with the mother at the time of the termination hearing. See D.W., 791 N.W.2d at 707 (holding we do not “gamble with the children’s future” by asking them to wait for a stable biological parent).
Given these circumstances, I would agree with the juvenile court — this was not a “close case.” In the interest of achieving permanency for these children sooner than later, I would affirm on the alternative grounds in sections 232.116(l)(f) and (h)— which were included in the State’s petition and proven at trial. I believe such an outcome is in the best interests of the children under the framework in Iowa Code section 232.116(2).