# IN THE COURT OF APPEALS OF IOWA

No. 14-1324
Filed October 14, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LUCAS JAMES BURBRIDGE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Story County, Lawrence E. Jahn, District Associate Judge.


        A defendant appeals his conviction for operating while intoxicated claiming the district court should have granted his motion to suppress.  **AFFIRMED.**


        Andrew J. Boettger of Hastings, Gartin & Boettger, L.L.P., Ames, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Heather Ann Mapes, Assistant Attorneys General, Stephen Holmes, County Attorney, and Ethan Anderson, Assistant County Attorney, for appellee.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Lucas Burbridge appeals the district court's denial of his motion to suppress evidence obtained following the stop of his vehicle. He argues the arresting officer did not have probable cause or reasonable suspicion of a crime to execute an investigatory vehicle stop. We affirm the district court's denial.

## I.      Background Facts and Proceedings

On April 13, 2014, at approximately 12:21 a.m., while working routine patrol on Lincoln Way in Ames, Officers Joshua Vander Zwaag and Lane Thayer noticed a vehicle in front of them swerving as it was traveling westbound. The officers stayed behind the vehicle and observed the vehicle continue to swerve in its lane, and finally it made a lane change in very close proximity to the police car. The lane change was without signaling, and the entry into the adjacent lane was so close as to cause Officer Vander Zwaag to apply his brakes. Officer Vander Zwaag's speed was forced to decrease from forty miles per hour to twenty-seven miles per hour. After this lane change Officer Vander Zwaag initiated a traffic stop and observed the driver showed signs of intoxication. Officer Vander Zwaag requested that dispatch send a state trooper to the traffic stop to conduct field sobriety tests.

The driver was Burbridge. Based on the test results, the officers arrested Burbridge and charged him with operating while intoxicated, in violation of Iowa Code section 321J.2 (2013). Burbridge pled not guilty and filed a motion to suppress, alleging the stop was in violation of his state and federal constitutional rights. Following a hearing, the district court denied the motion to suppress,

finding the officers had both probable cause and reasonable suspicion to stop the vehicle.

Upon the denial of the motions to suppress, the case proceeded to a jury trial. The jury found Burbridge guilty as charged. Burbridge filed a timely notice of appeal, challenging the district court's denial of his suppression motion.

## II. Standard of Review

Burbridge contends his vehicle was stopped in violation of the federal and state constitutions. "We follow an independent approach in the application of our state constitution. However, when a party does not argue an independent approach, 'we ordinarily apply the substantive federal standards but reserve the right to apply the standard in a fashion different from federal precedent.'" *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015) (internal citations omitted) (quoting *State v. Tyler*, 830 N.W.2d 288, 291–92 (Iowa 2013)). We review claims regarding constitutional rights de novo. *Id.* We make "an independent evaluation of the totality of the circumstances as shown by the entire record." *State v. Kinkead*, 570 N.W.2d 97, 99 (Iowa 1997).

## III. Probable Cause

The Fourth Amendment of the United States Constitution prohibits "unreasonable search and seizures." *Tyler*, 830 N.W.2d at 291. "Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of [the Fourth Amendment]." *Whren v. United States*, 517 U.S. 806, 808 (1996). An automobile stop is constitutionally

permissible when the officer has either (1) probable cause due to observation of a traffic violation or (2) reasonable suspicion, supported by articulable facts that a criminal act has occurred or is occurring. *State v. Tague*, 676 N.W.2d 197, 201-04 (Iowa 2004).

"When a peace officer observes a violation of our traffic laws, however minor, the officer has probable cause to stop a motorist." *Id.* at 201. "Probable cause exists if the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been or is being committed and that the arrestee committed or is committing it." *State v. Bumpus*, 459 N.W.2d 619, 624 (Iowa 1990). "The existence of probable cause for a traffic stop is evaluated 'from the standpoint of an objectively reasonable police officer.'" *Tyler*, 830 N.W.2d at 293–94 (citation omitted). "[W]e look to the record as a whole to determine what facts were known to the deputy." *State v. Heminover*, 619 N.W.2d 353, 361 (Iowa 2000), *overruled in part on other grounds by State v. Turner*, 630 N.W.2d 601, 606 n.2 (Iowa 2001).

At the suppression hearing, the State did not identify which specific traffic law the officer thought Burbridge violated and upon which the traffic stop was based. The district court held that "it is likely that probable cause existed to cite Burbridge for a violation of Iowa Code section 321.314." However, we held in *State v. Troge*, No. 08-2029, 2009 WL 3064648, at *2 (Iowa Ct. App. Sept. 17, 2009), that section 321.314 applies to turns at intersections.

The State argues that the substance of the argument at the suppression hearing was the safety of the lane change and that section 321.306 is the

appropriate code section for us to consider.[1]  Section 321.306(1) provides in relevant part: "A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."  Our supreme court has explained the "dual purpose" behind section 321.306: (1) "to promote the integrity of the lane markings on the highway" and (2) "to ensure the safe movement of vehicles on laned roadways."  *Tague*, 676 N.W.2d at 203.  The *Tague* court pointed out: "A violation does not occur unless the driver changes lanes before the driver ascertains that he or she could make such movement with safety."  *Id.*

Burbridge contends according to the facts in this case, the officer lacked probable cause of a traffic violation to warrant his stop.  He argues the factual scenario in this case is similar to *State v. Thomas*, No. 12-2112, 2013 WL 3871080, at *2 (Iowa Ct. App. July 24, 2013), where our court held the defendant's lane change without signal was not a section 321.306 violation, and therefore, it did not provide probable cause for a traffic stop.

---

[1] In the case before us, neither the State nor the officers who made the traffic stop specified that section 321.314 was the statute on which the stop was based.  They merely claimed that based on the totality of circumstances—the swerving and the sudden lane change without a signal—the officers reasonably believed that a traffic violation had been committed.  Moreover, the legitimacy and propriety of Burbridge's lane change was argued by both parties in their appellate briefs.  "We are obliged to affirm an appeal where any proper basis appears for a trial court's ruling, even though it is not one upon which the court based its holding."  *See Regent Ins. Co. v. Estes Co.*, 564 N.W.2d 846, 848 (Iowa 1997) (restating "well-established" proposition that an appellee may seek to save a judgment on an alternative basis presented to the trial court).  The issue of whether a lane change is safe is a determining factor in a section 321.306(1) violation.  Therefore, we will analyze the vehicle stop under that section.

In *Thomas*, the defendant's vehicle made several lane changes, but no other cars were affected by the lane changes. 2013 WL 3871080, at *1. The court found "[a] digital video recording of the incident reveals no unsafe lane changes." *Id.* at *2. In the present case, however, the video recording shows that Burbridge not only made a lane change in close proximity to the police car without signaling but also forced the officer to decrease his speed from approximately forty miles per hour to twenty-seven miles per hour. If Officer Vander Zwaag had not applied his brakes, it is very likely the police car would have hit Burbridge's car. When Burbridge changed lanes without signaling, and his lane change interfered with the normal movement of the police vehicle, it was objectively reasonable for the officer to believe the lane change had been initiated without Burbridge having first ascertained his movement could be made safely and that a section 321.306 violation had been committed. Officer Vander Zwaag had probable cause to stop Burbridge's vehicle.

Having concluded the officer had probable cause to make the vehicle stop, we need not consider Burbridge's claim the officer lacked reasonable suspicion to believe criminal activity was occurring and thus had no authority to stop the vehicle.

We affirm the district court's suppression ruling.

**AFFIRMED.**